39 So.2d 843

**LINGLE v. WAINWRIGHT.**

No. 38815.

March 21, 1949.

Sidney G. Roos, of New Orleans, for defendant-appellant.

Claude W. Duke and Leon F. Davison, both of New Orleans, for plaintiff-appellee.

McCALEB, Justice.

Plaintiff, as owner of the premises No. 1225-27 St. Charles Avenue in the city of New Orleans, seeks the eviction of the defendant, who claims possession under a recorded lease from plaintiff's predecessor in title. Plaintiff, while admitting the lease, avers that it expired on May 15, 1946, and that, since that time, defendant has been occupying the premises on a month to month basis.

Defendant contends that the lease has been renewed for four years by his timely exercise of an option contained in the contract and further maintains, in the alternative, that plaintiff's conduct in relation to the renewal has estopped him from claiming a forfeiture.

Plaintiff prevailed in the lower court and defendant has appealed.

The facts of the case, so far as necessary for our consideration, are not disputed. On May 15, 1945, plaintiff's predecessor leased the premises to defendant by written contract for a primary term of one year at a monthly rental of $250. There were two separate provisions in the lease concerning a renewal. The first one appears in the printed portion thereof, and reads:

"The Lessee agrees to notify the Lessor or His Agent in writing on or before the first day of March 1946 whether or not he wishes to retain the premises for one or more years from the expiration of this Lease. The Lessor reserves the privilege to reject all offers to renew Lease."

The other provision, which is typewritten, is found in the concluding portion of the lease. It declares:

"Lessee is to have an option to release the said property for a term in addition to this lease for Four Years at the expiration of this lease, with all conditions as herein stated, EXCEPT, the monthly rental shall be the sum of Six Hundred and Fifty ($650.00) Dollars per Month."

Preliminarily, defendant maintains that the above quoted renewal stipulations are discordant and, this being so, the second typewritten provision prevails over the printed matter under familiar rules of interpretation.

This contention is not well founded. An examination of the clauses will readily reveal that the only portion in the first provision in conflict with the second is the last sentence, pertaining to lessor's right to reject all offers to renew the lease. In all other respects, the stipulations can stand together and, when thus united, they effectively declare that lessee has the privilege of renewal for four additional years under the same conditions, except as to the increased monthly rental, provided he notifies the lessor in writing on or before March 1, 1946.

The evidence is in conflict as to whether notice of renewal was given prior to March 1, 1946, and the District Judge resolved this question in plaintiff's favor. Be this as it may, defendant wrote to plaintiff on April 22, 1946, as follows:

"I was granted an option to renew my lease of the property 1225–27 St. Charles Avenue, consisting of the Audubon Hotel, for four years additionally, under all the terms and conditions of the lease, under date May 15, 1945, which was registered C.O.B. 539, folio 153.

"This will advise you that I accept the option and I desire to renew my lease with you accordingly, for four years additionally, at its expiration, under all the terms and conditions as stated in the lease, except that the monthly rental shall be $650.-00 per month.

"Rent will be sent you when due at the customary place and in the customary man-

ner unless you advise method and place which may be more convenient for you."'

It is conceded by plaintiff that this notice was duly received. He did not protest or inform defendant that the renewal would not be granted because the notice had not been given on or before March 1st 1946. Instead, he remained silent and, thereafter from May 15, 1946 through March 1947, accepted from defendant the increased rental of $650 per month provided for in the renewal clause of the lease. Albeit, it was nearly a year later (March 28, 1947) that plaintiff made his initial complaint in the form of a ten day notice for defendant to vacate the premises.

We think it clear that the actions of plaintiff constitute a waiver of his right to insist that notice of renewal be given on or before March 1, 1946. While it is generally held that an option to renew a lease, provided notice is given at or before a specified time of the intention to exercise the privilege, is a condition precedent which must be complied with within the stipulated time (see Annotation, 27 A. L.R. 981 and cases there cited), it is equally well settled that such a provision is for the benefit of the lessor "and therefore the notice itself, or any other matter going to the sufficiency thereof, may be waived." 51 C.J.S., Landlord & Tenant, § 62, page 611, citing Polizzotto v. D'Agostino, 170 La. 932, 129 So. 534, 536, where the court said:

"And, further, that, having accepted and acted on said notice as being sufficient, the defendant thereafter cannot be heard to raise the question of the technical informality of the notice, or complete want of notice."

See also 32 American Jurisprudence, Sec. 980, page 823.

In arguing that a waiver has not occurred, counsel for plaintiff rely on Le Blanc v. Barielle, La.App., 25 So.2d 638, and Standard Oil Co. of New Jersey v. Edwards, La.App., 32 So.2d 102, certiorari denied by this court on February 16th 1948.

The cited cases are not appropriate. They merely hold that, in the absence of lessee's exercise of an option to renew prior to the expiration of the primary term of the lease, a reconduction on a month to month basis occurs, despite Article 1817 of Civil Code, which declares that silence and inaction are, under certain circumstances, the means of showing an assent that creates an obligation. In the instant case, the option to renew was exercised prior to the expiration of the lease and the plaintiff accepted the increased rent under the terms of the new lease.

The judgment appealed from is reversed and plaintiff's suit is dismissed at his cost.

O'NIELL, C. J., takes no part.