REGAN, Judge.
The plaintiff, George P. Barnes, as lessor, instituted this suit against the defendant, William V. Bryant, whom he designated as a lessee, endeavoring to recover the-sum of $782.50 less $58.70 paid on account..thereof, representing an accrual of unpaid rent for “warehouse space” from .November 10, 1950, through November 9, 1951, at the rate of $18 per iiionth and from November 10, 1951, through October 9, 1952, at the-rate of $50 per month. The principal sum also includes a claim in the amount of $16.50 for “rust preventive oil” sold to the defendant.
Defendant answered and denied that he was ■ indebted', unto the plaintiff in any sum whatsoever for the reason that he had never .rented any. “warehouse, space” from the plaintiff and, therefore, the relationship of landlord and tenant had never existed..
From a judgment as prayed for, defendant has prosecuted this .appeal.
The record reveals that defendant had acquired a large amount of surplus army equipment, which he desired to dispose of “at auction.” Plaintiff possessed a large warehouse located on the Industrial Canal which was both suitable for storage and for conducting an auction. Plaintiff orally agreed to rent “the front part of the building” to defendant for the month beginning November 1C), 1950, for the sum of $18. The. auction occurred on November 21, 1950, and approximately seventy percent of the surplus equipment was sold, the balance was permitted by defendant to remain in .the warehouse and plaintiff acquiesced therein, although he orally continued to request the payment of the accrued rent until November 8, 1951, at which time he addressed a registered letter to the defendant, the pertinent portion of which reads:
*542 “ * * * starting at your next rent due date your rent on- the space you occupy at my property on Industrial Canal will be $50.00 per month.
“I hope you will understand that higher costs and expensive watchman service makes this advance necessary.
“In our original agreement you agreed to furnish and install at my property two late type currently filled fire extinguishers and to date, you have not complied with this part of your agreement. ' * *
Defendant acknowledged receipt of the foregoing letter, but excuses himself for ignoring it by asserting that he thought plaintiff was “just on one of those sprees”of intoxication.
Despite the foregoing letter defendant continued to permit his merchandise to remain in plaintiff’s warehouse. ■ On August 21, 1952, plaintiff filed a rule for possession of the “warehouse space” occupied by the defendant’s merchandise and on August 28, 1952, defendant answered and' asserted “that he does not rent nor does he occupy any premises referred to in the rule as warehouse space on Industrial Canal near lake front in this City.”
On the same day,, as a result of the defendant’s answer, the rule for possession was dismissed at plaintiff’s- cost.
As paradoxical as it may appear, in view of the defendant’s answer tó the foregoing rule, the record reflects that much of defendant’s surplus equipment actually remained in plaintiff’s warehouse.
The only question posed for our consideration is one of fact and that is whether the initial oral contract of lease was subsequently tacitly reconducted in consequence of the inertia of the plaintiff and the defendant encompassing the period of November 10, 1950, through October 9, 1952.
Plaintiff concedes, that the initial lease was for a period of .one month, but he contends that where a lessee, without opposition from the lessor, continues in possession after the expiration of the lease, there is a tacit reconduction thereof by .the month and that, therefore, defendant is liable for the accrued rent from November 10, 1950, through October 9, 1952.
Defendant, on the other hand, in his endeavor to resist the demands of plaintiff, despite the evidence adduced herein, simply denies the foregoing contention of the plaintiff.
The trial judge was obviously of the opinion that the defendant remained in possession of the “warehouse space” for approximately twenty-two months after the expiration of the initial lease and, therefore, there existed a tacit reconduction thereof and our examination of the record fails to disclose any factual or legal error in his conclusion.
LSA-Civil Code Article 1817 reads:
“Silence and ínáctíon are also, under some circumstances, the means of showing an assent that creates an obligation; if, ,after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a'complete mutual obligation for continuing the lease, is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other.”
See Lingle v. Wainwright, 215 La. 117, 39 So.2d 843; Classen v. Carroll, 18 La.Ann. 267; 1 Louisiana Law Review 439.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.