BLANCHE, Judge.
This is a suspensive appeal taken by Gary E. Guillot, defendant, from a judgment of the Twentieth Judicial District Court for the Parish of West Feliciana ordering him to vacate certain lands belonging to the plaintiff, Exchange Oil and Gas Corporation. The controversy in this matter arises out of a disputed agreement of lease between Guillot, as lessee, and plaintiff’s ancestor in title, Evelyn M. Wade, as lessor. The record discloses that on July 18, 1968, Wade and Guillot entered into a lease agreement, the relevant portions of which are reproduced as follows:
“1. The term of this lease is one (1) year from date hereof, with the right to renew for an additional ten (10) years.
“2. The consideration of this lease is Two Hundred Twenty Dollars ($220.00) per year to be paid in advance. A further consideration of this lease is the Lessee’s agreement to post the premises and exercise reasonable care in patrol-ing the premises for poachers, trespassers, fires and the like.
******
“5. It is further agreed and understood, however, that the rights granted under this lease shall be subordinate in every respect to Lessor’s exercise of any of his rights with respect to oil, gas and other minerals, sand, gravel, sand clay gravel or any admixture thereof, or other agricultural products or any other rights of the Lessor save those specifically granted Lessee herein, and further that Lessee shall release this lease upon request by Lessor thirty days prior in the event the leased premises is sold.
“6. In the event that Lessee desires to exercise the option given under Number 5 above, then in that event Lessee shall notify Lessor in writing thirty days prior to the expiration date of this lease at his address: Hollywood, Louisiana.” (Agreement of Lease, Plaintiff’s Exhibit No. 2, Record, pp. 42, 43)
On July 18, 1968, Guillot paid the Wades $220 for the first year’s rental under the lease. The next payment was made on June 6, 1969, for the period from July 18, 1969, to July 17, 1970. At the time of this second payment the Wades still owned the property subject to the lease; however, on March 19, 1970, Mr. Wade entered into a purchase agreement with plaintiff herein, Exchange Oil and Gas Corporation, whereby title to the leased property was to pass to Exchange Oil within ninety days. On June 11, 1970, plaintiff took title to the land. On July 4, 1970, Guillot tendered payment to Mr. Wade for the third year of the lease, however, the check was returned three days later with the explanation that any arrangements with reference to the lease should be made with the new owner of the land, Exchange Oil. By letter dated July 7, 1970, counsel for defendant tendered to Exchange Oil a check for $220 to cover the rent due for the year commencing July 18, 1970. By letter dated July 28, 1970, counsel for Exchange Oil informed Guillot that the lease had expired as of July 18, 1970. At this time Guillot was *481 directed to vacate the property within five days. Guillot refused to vacate until ordered to do so by judgment of the District Court.
Defendant’s appeal from the judgment of the District Court raises two principal issues: (1) Did the agreement of lease between defendant and plaintiff’s ancestor in title require the lessee, defendant herein, to give written notice of his intention to renew the lease for ten years, and (2) Did the check tendered in payment for the lease rental period from July 18, 1969, to July 17, 1970, constitute written notice of defendant’s intention to exercise the ten-year renewal option.
The trial judge found that the lessee was required to give written notice of his intention to renew the lease for an additional ten years. To so find, the trial judge first found that the provisions of paragraph 6 of the lease agreement were ambiguous and confusing due to a typographical error. The typographical error occurred under the following circumstances. After Guillot and Wade had reached an agreement concerning the lease, Wade told Guillot to go to his (Wade’s) lawyer in St. Francisville and have the lease prepared. The lawyer prepared the lease and gave it to Guillot under the belief that Guillot would take the same to his client Mr. Wade where it would be executed. However, Guillot brought the lease to Baton Rouge and, after seeking the advice of certain lawyers in the office at which he worked, decided that he did not have enough protection and retyped the lease to suit himself. Instead of returning the lease to the lawyer that had originally prepared it, Guillot then brought the lease directly to Wade where it was there executed. Going further, the trial judge then construed the provisions of paragraph 6 to conform to what he regarded as the true intentions of the parties[1] and reasoned that the reference in paragraph 6 to the lessee’s option in paragraph 5 was erroneous because a reading of paragraph 5 disclosed no option in favor of the lessee. The only option in favor of the lessee in the entire lease is found in paragraph 1; therefore, the trial judge correctly concluded that the reference in paragraph 6 to the option “given under Number 5 above” should be read “given under Number 1 above.” The trial court’s interpretation is reinforced by the fact that written notification of the lessee’s desire to exercise the [renewal] option was required to be delivered to the lessor's mailing address.
Having determined that the lessee was required to give the lessor written notification of his desire to exercise the ten-year renewal option, the trial court held that the defendant’s check for payment made on June 6, 1969, and accepted and cashed by the lessor, Evelyn Wade, on June 10, 1969, did not constitute such written notice, as contemplated by the provisions of paragraph 1, as would renew the lease for ten years. We agree. Although the form of the written notice was not specified by the agreement, there can be no question that the agreement required the lessee to communicate his intention to renew for ten years. The trial judge did not find nor does the record disclose that this was done. Under the circumstances of this case and in light of the lessee’s failure to give the required notice of his intention to exercise the option for ten years, Mr. Wade’s acceptance of defendant’s check on June 6, 1969, amounted to no more than a one-year extension of the original term of the lease. Pursuant to this extension, the second year’s lease expired on July 17, 1970. Once the lease terminated, the only right accruing to the lessee was to be given written notice to vacate the premises in not less than five days. LSA- *482 C.C.P. art. 4701.[2] The record discloses that the required written notice to vacate was received by the defendant-lessee.
Accordingly, for the above and foregoing reasons, the judgment of the District Court is affirmed at appellant’s costs.
Affirmed.

I. LSA-C.C. art. 1950 states:
“ * * * When there is anything doubtful in agreements, we must endeavor to aseertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.”

.Defendant asserts that lessor was required by paragraph 5 of the lease agreement to notify him “thirty days prior in the event that the leased premises is sold.” This requirement was operative only in the event the lessor desired to secure the lessee’s release of the leased property prior to its sale during the term of the lease. Inasmuch as this option was not exercised, the lessee was actually benefited by the lessor’s forbearance.