357 So.2d 561 (1978)
Frank VUCI and the Manchac Villa, Inc.
v.
Mrs. George NATHANS.
No. 11911.
Court of Appeal of Louisiana, First Circuit.
February 21, 1978.
David L. Dawson, Jr., Baton Rouge, for plaintiffs and appellees.
Victor L. Marcello, Donaldsonville, for defendant and appellant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is a suspensive appeal by the defendant, Mrs. George Nathans, from a judgment ordering her to vacate property owned by plaintiffs, Frank Vuci and the Manchac Villa, Inc.[1] Defendant contends that she is occupying the property under an unexpired written lease.
On October 15, 1968, plaintiff, Manchac Villa, Inc., leased a building and property *562 known as the "Italian Villa" located on Airline Highway in Prairieville, Louisiana to defendant's husband George Nathans. The lease was for a primary term of one year, from October 1, 1968 until September 30, 1969 at $300 per month. The lease also provided two options to renew, as follows:

4.
"Lessor further agrees to grant unto Lessee a four year option at the expiration of this lease on September 30, 1969 provided that lessee give lessor at least sixty (60) days written notice before the expiration of this lease of his intention regarding the exercise of this option. Lessor and Lessee further agree that in the event lessee exercise this option that a new agreement will be entered into regarding the monthly rental during this said four (4) year option, that the rental during this (4) year period is to be $500.00 per month.

5.
"Lessor further agrees to grant unto Lessee at the end of the abovementioned (4) year option, an additional option to lease said property for (5) additional years, at the rental of $500.00 per month."
Although the first option to renew was never exercised, Mr. Nathans continued in possession of the property. Mr. Nathans did not pay rent from June, 1969, through January, 1970. Thereafter, he resumed rent payments, but at the rate of $300 per month. He continued to pay $300 per month as rent through August, 1971, and thereafter paid monthly rent of $400.
Mr. Nathans died on November 30, 1972; Mrs. Nathans continued to occupy the premises. She paid $400 per month rent for the remainder of 1972, and $500 per month thereafter to the time of the hearing in 1977. Defendant never notified plaintiffs that she wished to exercise the options to renew the lease.
On August 30, 1977, defendant was notified to vacate the premises by September 30, 1977. Defendant refused to vacate, contending that she was protected by the written lease and that the plaintiffs were estopped from evicting her.
The trial court found: the lease had not been renewed in accordance with its terms and had expired; the defendant was occupying the property on a month-to-month basis; and there had been no conduct on plaintiffs' part which would estop them from evicting the defendant.
Defendant contends that the trial court's findings are manifestly erroneous.

ON MOTION TO DISMISS APPEAL
Plaintiffs filed a motion to dismiss the suspensive appeal alleging that defendant did not comply with LSA-C.C.P. art. 4735, which provides in pertinent part:
"An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises. . ."
The record discloses that defendant filed an original answer pleading a general denial. Subsequently during the summary hearing, defendant filed an amended answer, verified by her under oath, which asserted the affirmative defenses of estoppel and accord and satisfaction.
There is ordinarily no requirement for an answer to a rule. LSA-C.C.P. art. 2593. In eviction proceedings, however, LSA-C. C.P. art. 4735 mandates a sworn answer asserting an affirmative defense as a prerequisite to a suspensive appeal. Article 4735 contains no provision concerning the time for filing the answer. Therefore, the rules applicable to ordinary proceedings govern. LSA-C.C.P. art. 2596. Under LSA-C.C.P. arts. 1151 and 1154, the filing of an amended answer is within the discretion of the trial court.
Accordingly, the amended answer filed with leave of court during trial and before judgment was timely and satisfied the requirement of LSA-C.C.P. 4735. See Stoltz v. McConnell, 202 So.2d 451 (La.App. 4th Cir. 1967), writ refused 251 La. 231, 203 So.2d 559 (1967).
*563 Plaintiffs cite Keller v. Chauvin, 281 So.2d 181 (La.App. 4th Cir. 1973) in support of their motion.
We find Keller inapposite. In Keller the verified answer was under oath of the defendant's attorney. Such is not the situation in the instant case. Plaintiffs' motion is therefore denied.

ON THE MERITS
Defendant contends that the trial court erred in finding that the lease was not renewed and that it had expired. Defendant cites Lingle v. Wainwright, 215 La. 117, 39 So.2d 843 (1949) and Lakeside Dairies, Inc. v. Gregersen, 217 La. 510, 46 So.2d 752 (1950) to support her contention.
In both Lingle and Lakeside, the tenant sent the appropriate written notice exercising the option to renew, but not within the specified time. The Supreme Court held in each case that the lessor, who received a tardy notice exercising the option and allowed the tenant to retain possession of the property and continued to accept rent payments from the tenant, had waived the requirement of a timely written exercise of the option.
In the instant case, there is no evidence that the option was ever exercised. In fact, there is some testimony that Mr. Nathans did not wish to extend the lease and that his continued occupancy was under a new verbal agreement. Under these facts, the logic of Lingle and Lakeside is not applicable.
Consequently, the lease expired at the end of the primary term since Mr. Nathans did not exercise the option to renew. Exchange Oil and Gas Corp. v. Guillot, 251 So.2d 479 (La.App. 1st Cir. 1971). Defendant's occupancy of the premises after the expiration of the lease was under a reconduction of the lease on a month-to-month basis. Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970). There is no merit in defendant's first contention.
Defendant also contends that the trial court committed manifest error in failing to find that plaintiff's conduct estopped them from cancelling the lease.
The trial judge stated, inter alia, in his Reasons for Judgment:
"* * * The Court further finds that there has been no conduct on the part of the plaintiff which would estop them from the contentions herein asserted. Plaintiff's conduct has been consistent with his assertion that the original lease has expired, and that the defendant was permitted to occupy the premises on a month-to-month basis.
"The letters written to Mr. and Mrs. Nathans in the year 1972, together with plaintiff's testimony, indicates that plaintiff considered the original lease terminated."
There is ample evidence in the record to support this finding. Defendant failed to substantiate its defense of estoppel.
For the above reasons, the judgment appealed is affirmed at defendant's cost.
AFFIRMED.
NOTES
[1] The parties stipulated at trial that Frank Vuci is the present owner of the property.