CULPEPPER, Judge.
This case involves a lease of a service station. The plaintiff-lessor, Southern Ventures, Inc., filed suit to evict the defendant-lessee, Texaco, Inc., on the basis that the lessee had failed to exercise its option to renew the lease, and that the lease had therefore expired, and the defendant occupied the premises on a month-to-month basis only. The defendant-lessee argues that by accepting rent after the time for exercise of the option had passed, the plaintiff waived timely notice and that the lease was renewed and remains in effect. The trial judge held in favor of the plaintiff and ordered the defendant to vacate the property. From this judgment, the defendant suspensively appealed.
The essential facts are undisputed. On March 27,1958, Texaco entered into a written lease to rent from Southern Ventures a piece of property on which Texaco was to operate a service station. The lease provides for an initial term of 15 years, beginning on February 16, 1958, and for four 5-year optional renewals by the lessee. The lease instrument states that in order to exercise the options, Texaco must give written notice to the plaintiff not later than 60 days prior to the expiration of the original term. This means that in order to exercise its first option to renew Texaco had to give notice to Southern Ventures by December 17, 1973. It is an uncontested fact that Texaco did not do so.
Texaco did mail a letter to Southern Ventures on January 7, 1974 stating that it thereby exercised the renewal option. At the bottom of the letter there was a space for Southern Ventures to accept the extension by signing and returning a copy of the letter to Texaco. Southern Ventures did not sign or return the copy of the letter.
Texaco has continued to occupy the premises after February 16, 1974, the expiration date of the initial lease term. Southern Ventures accepted and cashed rent checks tendered monthly by Texaco from the date of the expiration of the original lease term until August 1, 1977. On that date, Southern Ventures advised Texaco to vacate the premises by September 1, 1977. Texaco continued to occupy the property beyond September 1, 1977, and to tender rent checks, which were refused. On December 7,1977, the plaintiff-lessor filed this suit for eviction.
The plaintiff-lessor contends that, when the lessee failed to timely exercise the option, the lease expired at the end of the initial 15-year term, and that thereafter Texaco’s occupancy of the premises was on a month-to-month basis by reconduction. The lessor cites LSA-C.C. Articles 2686 and 2689, the case of Governor Claiborne Apart *515 ments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970) and other authorities for the rules on reconduction.
The defendant-lessee contends that under the provisions of LSA-C.C. Article 1817 the lessor’s silence and inaction in failing to respond to Texaco’s January 7, 1974 letter exercising the option, and in accepting without question the monthly rentals for a period of approximately 14 months after the original term of the lease expired, constituted a waiver of the contractual requirement as to the time of the notice. Defendant relies on two cases from our Supreme Court which applied the equitable doctrine of waiver under very similar circumstances.
The first case is Lingle v. Wainwright, 215 La. 117, 39 So.2d 843 (1949) where the written lease required notice of renewal on or before March 1,1946. The lessee did not give notice until April 22, 1946. The monthly rental for the initial term was $250, but after the renewal the rental provided by the lease was $650 per month. The lessor accepted the increased rental for almost a year before seeking to evict the lessee from the premises. The court held that the lessor’s failure to protest the untimely notice of renewal and its acceptance of the rent for almost a year constituted a waiver. The court stated:
“We think it is clear that the actions of plaintiff constitute a waiver of his right to insist that notice of renewal be given on or before March 1, 1946. While it is generally held that an option to renew a lease, provided notice is given at or before a specified time of the intention to exercise the privilege, is a condition precedent which must be complied with within the stipulated time (see Annotation, 27 A.L.R. 981 and cases there cited), it is equally well settled that such a provision is for the benefit of the lessor ‘and therefore the notice itself, or any other matter going to the sufficiency thereof, may be waived.’ 51 C.J.S. Landlord & Tenant § 62, page 611, citing Polizzotto v. D’Agostino, 170 La. 932, 129 So. 534, 536, where the court said:
“ ‘And, further, that, having accepted and acted on said notice as being sufficient, the defendant thereafter cannot be heard to raise the question of the technical informality of the notice, or complete want of notice.’ ”
The second case relied on by Texaco is Lakeside Dairies, Inc. v. Gregersen, 217 La. 510, 46 So.2d 752 (1950), in which the written lease required notice of renewal on or before August 1,1943. The lessees testified they mailed timely notice of renewal to the lessor on July 30,1943, but the lessor denied receiving this notice and the trial judge found this notice was not given. Thereafter, additional notices of renewal were given in letters dated August 15, 1944 and October 5, 1945, respectively and these were received. The lessor ignored these notices but continued to accept the monthly rentals, which were for the same amount as those paid during the initial term of the lease. The unanimous holding by the Supreme Court on this issue follows:
“Undoubtedly correct was the ruling rejecting the contention that no extension of the original lease resulted. Even if defendants did not receive plaintiff’s renewal notice (letter dated July 30, 1943), as they testified, until some 12 or 14 days after the stipulated date (August 1,1943) for exercising the extension privilege, they are without right now to urge the tardiness of that notice. Following such date defendants remained silent, at no time making protest of plaintiff’s occupancy of the premises; also they accepted and approved at least tacitly, the numerous rental payments made by plaintiff to the Jefferson Standard Life Insurance Company and credited on their mortgage indebtedness. Under these circumstances they waived the contractual requirement respecting the giving of timely notice. Lingle v. Wainwright, 215 La. 117, 39 So.2d 843.”
The district judge in the present case distinguished Lingle v. Wainwright, supra, on the basis that in Lingle the increase in the monthly rental from $250 to $650 constituted tacit acceptance by the lessor of the notice to renew. The district judge also states in his written reasons that in Lingle there was never any notice given by the lessee to the lessor of an intention to renew *516 the lease. We find this latter basis erroneous. As stated above, there was in Lingle an untimely notice of renewal. The trial judge’s reasoning regarding the increased rental is persuasive. However, even if we were to agree that Lingle can be distinguished on this basis, we are unable to distinguish the later Supreme Court decision in Lakeside Dairies, Inc. v. Gregersen, supra. Neither the trial judge nor counsel for the lessor in the present case mention the Lakeside Dairies case.
We conclude we are compelled to follow the decisions by our Supreme Court in Lin-gle and in Lakeside Dairies. These cases have never been overruled nor modified by our highest court, and they are controlling in the present case.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of the defendant-lessee, Texaco, Inc., and against the plaintiff-lessor, Southern Ventures Corporation, rejecting plaintiff’s demands and dismissing plaintiff’s rule for eviction. All costs in the trial and appellate courts are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.