FORET, Judge.
4 S Construction & Maintenance, Inc. (defendant) appeals from a judgment of the trial court, making Patrick Huval’s (plaintiff) rule to evict it from a certain tract of land absolute, and ordering it to vacate the same and deliver possession thereto to plaintiff. We affirm.
Defendant raises the following issues:
(1) Whether the trial court erred in finding that it failed to give sufficient notice to plaintiff of its intention to exercise its option to renew a lease plaintiff had given it on the tract of land.
(2) Whether the trial court erred in finding that plaintiff had not acquiesced in defendant’s attempt to exercise its option by cashing a check given him by it.
FACTS
On January 1, 1976, plaintiff and defendant entered into a contract of lease whereby defendant agreed to lease from plaintiff a tract of land described as follows:
That certain lot of land, situated in St. Martin Parish, Louisiana, on the East Side of Bayou Teche, containing one (1) arpent, more or less, and bounded Northerly by the property of Elise Latiolais, Easterly by property of Paul Melancon; Southerly by a public road; and Westerly by property of Lionel Latiolais; see Book *1355 560, folio 412, Entry No. 137424, Conveyance Records of St. Martin Parish, Louisiana.
The primary term of the lease was for a period of five years with the rent set at $300 per year. In addition, defendant was given “the right and option to renew this lease for three additional periods of five years each by giving Lessor written notice of intent to renew sixty days before the expiration of the original five-year term or of any additional five-year terms that the lease is extended”. The lease provided that the rent would increase at the rate of $300 per year for each five-year period that it was extended.
NOTICE OF INTENTION TO EXERCISE OPTION
Steve Schexnayder, defendant’s President, admitted that defendant failed to give plaintiff written notice of its intent to exercise its option to renew the lease within sixty days of the expiration date of the primary term of the lease. Instead, defendant sent plaintiff a check dated January 26, 1982, made out to him in the amount of $600 h
The check was received and negotiated by plaintiff’s wife, who endorsed his name thereon. Defendant argues that, by negotiating this check, plaintiff waived his right to written notice of defendant’s intention to exercise its option to renew the lease[2]. We disagree.
We adopt the following reasoning of the trial court as our own and find it to be dispositive of this issue:
“BY THE COURT: I’m going to submit to you that I think that the matter is decided by the case of Southern Ventures Corporation versus Texaco, Inc., which is a Supreme Court case at 372 So.2nd, 1228 [ (La.1979) ], which involved a lease with an option to renew where a written notice was required not later than sixty (60) days before the expiration of the primary term; exactly the same situation that we have here. Written notice was in fact given but it was given nine (9) days before the expiration of the primary term rather than sixty (60) days before. The lessor did nothing. The lessee remained on the property, continued to make rental payments. The lessor accepted the rental payments. But, the Supreme Court held that the late notice was not sufficient under the terms of the lease, and therefore, the lease expired at the end of its primary term and what they had thereafter was a tenancy by consent, if you will, rather than an extension of the original lease.”
Governor Claiborne Apartments, Inc. v. Attaldo, 235 So.2d 574 (La.1970), expressed the law relative to occupancy of leased premises after the lease expires, referring to the appropriate code articles:
“Under our Civil Code provisions based on these articles of the Code Napoleon, legal reconduction takes place when a *1356 fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week. The reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of duration in the old lease is voided and the reconducted lease is considered to be by the month. La.Civ.Code Arts. 2689, 2685, 2686.[1]” (Footnote omitted.)
In further support of its position that plaintiff waived his right to written notice of its intention to renew the lease, defendant cites the case of Lingle v. Wainwright, 39 So.2d 843 (La.1949). We find Lingle to be distinguishable on its facts.
In Lingle, plaintiff’s predecessor had leased the premises to defendant by written contract for a primary term of one year at a monthly rental of $250. Under the terms of the lease, defendant had the privilege of renewing the lease for four additional years under the same conditions (except that the monthly rent was increased) provided he notified the plaintiff of his intention to renew on or before March 1, 1946. Defendant failed to timely notify plaintiff of his intention to renew. However, on April 22, 1946, defendant wrote a letter to plaintiff expressing his desire to renew the lease under all the terms and conditions as stated therein. Plaintiff conceded that this notice was duly received. Plaintiff did not protest or inform defendant that the renewal would not be granted because the notice had not been given on or before March 1, 1946. Instead, he remained silent and accepted from defendant the increased rental of $650 per month provided for in the renewal clause of the lease from May 15, 1946, through March, 1947. It wasn’t until March 28, 1947, that plaintiff made his initial complaint in the form of a ten-day notice for defendant to vacate the premises.
Noting these facts, Lingle held, on page 844, that:
“We think it clear that the actions of plaintiff constitute a waiver of his right to insist that notice of renewal be given on or before March 1, 1946. While it is generally held that an option to renew a lease, provided notice is given at or before a specified time of the intention to exercise the privilege, is a condition precedent which must be complied with within the stipulated time (see Annotation, 27 A.L.R. 981 and cases there cited), it is equally well settled that such a provision is for the benefit of the lessor ‘and therefore the notice itself, or any other matter going to the sufficiency thereof, may be waived.’ 51 C.J.S., Landlord & Tenant, § 62, page 611, citing Polizzotto v. D’Agostino, 170 La. 932, 129 So. 534, 536 [(1930)], where the court said:
‘And, further, that, having accepted and acted on said notice as being sufficient, the defendant thereafter cannot be heard to raise the question of the technical informality of the notice, or complete want of notice.’ ”
In the action sub judice, defendant never sent plaintiff written notice of its intention to renew the lease until after February 16, 1982. On that date, plaintiff had his attorney write a letter to defendant in which he stated that it would be allowed to occupy the leased premises for an additional year because plaintiff’s wife had erroneously negotiated the check sent him by it. However, defendant would not be allowed to occupy the leased premises for any greater length of time because it had failed to provide plaintiff with timely written notice of its intention to renew the lease. Thus, in the case before us, plaintiff informed defendant that it would not be allowed to renew the lease before he received written notice of its intention to renew.
It is our opinion that plaintiff did not waive his right to timely written notice of defendant’s intent to renew the lease.
ALLEGED VERBAL AGREEMENT TO RENEW
Defendant contends that it and plaintiff entered into a verbal agreement to renew the above mentioned lease. Defendant relies on Wahlder v. Tiger Stop, Inc., 391 *1357 So.2d 535 (La.App. 3 Cir.1980), writ denied, 396 So.2d 1351 (La.1981), as authority for the proposition that parol evidence is admissible to prove that a written lease may be modified by a subsequent oral agreement between the parties. Indeed, Wahlder stands as authority for this proposition even though the written lease provides that modifications must be agreed to in writing to be valid.
Defendant argues that the evidence shows that the parties did enter into a verbal agreement for renewal of the lease. Steve Schexnayder testified that he had a conversation with plaintiff some time in the latter part of 1981, in which he told plaintiff that defendant was going to exercise its option to renew the lease. He stated that plaintiff agreed to the renewal. He further stated that plaintiff sent someone to pick up the $600 check dated January 26, 1982, although he could not remember who this person was.
Plaintiff testified that he could remember no such conversation having taken place. He further denied telling Schexnay-der that he would send someone to pick up the above mentioned check. He did remember talking to Schexnayder about entering into a new lease that would provide for higher rental payments, but stated that both were drinking in a bar at the time and that it was hard for each of them to understand what the other was saying because loud music was being played. Plaintiff insisted that no agreement was entered into by the parties at this time.
While assent to a contract may be implied, that implication must be established and cannot be presumed. Defendant’s burden was to establish a lease for a fixed term. It had to prove a meeting of the minds of the contracting parties that their relationship as lessor and lessee was for the alleged fixed term, by either express language or by circumstances (action or inaction) that necessarily implied the proposition.
The trial court found that defendant had failed to prove that any verbal agreement was entered into by the parties for renewal of the lease, and we agree with this finding.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.

. Defendant notes that the lease contains the following provision and argues that since plaintiff failed to send it notice by certified or registered mail of its failure to provide written notice to him of its intention to renew the lease, its sending of the $600 check to plaintiff and the subsequent negotiation of that check constitutes sufficient notice of its intent to renew:
"LESSEE shall not be deemed to have defaulted in the payment of any rental during the five year term of the lease or any renewal of the lease until fifteen days after LESSEE shall have received from LESSOR notice by registered or certified mail of LESSEE’S failure to make such payment. The lease or renewal of the lease shall continue in full effect if LESSEE shall tender the payment within fifteen days after the receipt of such notice; however, it will owe to LESSOR a penalty of ten (10) per cent of the rental due for that year.”
We agree with the trial court's conclusion that this provision has nothing to do with the method whereby defendant was to exercise its option to renew the lease.

. Defendant, in its brief filed in this Court, states that plaintiff should be estopped from claiming that its “attempted” renewal of the lease was ineffective. However, it is clear from a reading of the authorities relied on by defendant that it is actually arguing that plaintiff waived his right to receive written notice of its intention to renew the lease.