576 So.2d 1086 (1991)
HIDALGO MOTORS, INC., and Harold Hidalgo, Plaintiffs-Appellants,
v.
OPELOUSAS COURTESY MOTORS, INC., Don P. Hargroder and Glenn Dean Melvin, Defendants-Appellees.
No. 89-903.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1087 Morrow, Morrow, Ryan & Bassett, Patrick C. Morrow, Opelousas, for plaintiffs/appellants.
Willis, Ledet & DeJean, Pat F. Willis, Opelousas, for defendants/appellees.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
Hidalgo Motors, Inc., and Harold Hidalgo, individually, filed suit to recover rent and damages, alleging their lessees, Opelousas Courtesy Motors, Inc., Don P. Hargroder and Glenn Melvin, breached either a three-year lease, which was renewed for an additional three years, or alternatively, a new ten-year verbal lease. The trial court rejected plaintiffs' demand for rent, finding defendants were leasing the property on a month to month basis when they vacated it six months after the original lease expired. The trial judge did award plaintiffs $3,000.00 in property damage. Plaintiffs have appealed. For the following reasons, we affirm.

FACTS
On March 16, 1983, the parties executed a written, three-year lease for a commercial building on West Landry Street in Opelousas, which expired on March 16, 1986. The lease provided for rental payments of $2,500.00 per month for the first two years and $3,000.00 per month for the third year.
The lease also specified two methods for its renewal. The first renewal clause provided that the lessee's failure to give written notice 60 days prior to the expiration of the lease of his intention not to renew shall be "an irrevocable offer and option" to the lessor to renew the lease "on the same terms and conditions, which offer and option the lessor may accept at any time prior to the expiration hereof." The second renewal clause allowed the lessee to renew the lease for three additional years, at an increased rental of $3,500.00 per month, but it required written notice not less than 60 days prior to the expiration of the original term.
It is undisputed that the lessees did not give written notice of their intention not to renew the lease, nor did they exercise in writing their option to renew for three years.
The lessees remained on the premises six months after the original lease term expired. For the first two of these months, they paid $3,000.00 a month in rent, the same amount they had been paying during the final year of the original lease. The next two months, they paid $4,000.00. For the final two months of occupancy they attempted two tenders of $2,700.00, but the lessor demanded $3,500.00 per month, which they paid.
Harold Hidalgo, president of Hidalgo Motors, Inc., testified he demanded the two $4,000.00 rental payments so that the previous two payments of $3,000.00 would be brought up to $3,500.00, the stated amount if the defendants elected to renew the lease. Don Hargroder and Glenn Melvin, owners of Courtesy Motors, Inc., testified they paid the increased rental payments because their attorney, Richard Matheny, advised them they were on a month to month basis and had to pay whatever the lessor demanded that month.

RENEWAL
Hidalgo argues that, although defendants did not provide written notice of renewal as required in the lease, they nonetheless exercised their right to renew for three years when they brought the rental payments up to $3,500.00. We disagree.
The lease unambiguously requires written notice 60 days prior to its expiration for a valid three year renewal. In Louisiana, the option or right to renew a lease is never presumed. Governor Claiborne Apartments, Inc. v. Attaldo, 256 *1088 La. 218, 235 So.2d 574 (La.1970). Even where the lessee provides written notice of his intention to renew, but that notice is untimely, our courts have refused to find a valid renewal. See Southern Ventures Corp. v. Texaco, Inc., 372 So.2d 1228 (La. 1979).
In the instant matter, the lessees did not provide any written notice of renewal. In fact, they testified they gave Hidalgo verbal notice that they would not be renewing the lease. This testimony was corroborated by the lessees' attorney, who was present at a meeting between the parties. We find no error in the trial court's conclusion that the increased rental payments, made two months after the lease expired, did not amount to an exercise of the lessees' option to renew.
Hidalgo next argues the lease was renewed for three years because the defendants failed to give written notice of their intention not to renew the lease. Again, we must disagree.
The clause Hidalgo relies upon does not provide for automatic renewal upon the lessee's failure to give written notice of his intention not to renew. Rather, the lease states that such inaction shall constitute an option to the lessor to renew the lease, "which offer and option the Lessor may accept at any time prior to the expiration hereof." The paragraph further provides that the renewal shall be "for a new term of the same length on the same terms and conditions."
If the lease were to be renewed under its same terms and conditions, the rent for the first two renewal years would have been $2,500.00 a month, with the third year rent increasing to $3,000.00 a month. Hidalgo's actions of accepting $3,000.00 for the first two months, then demanding an increase, is inconsistent with the exercise of this option.

VERBAL AGREEMENT
Alternatively, the plaintiffs argue the parties verbally agreed to a ten-year lease, with rentals of $2,700.00 per month, sometime in July of 1986. In support of their position, plaintiffs pointed out that defendants, on two occasions, tendered rent of $2,700.00. They also introduced a letter signed by Glenn Melvin dated July 28, 1986 which states:
TO WHOM IT MAY CONCERN:
This will serve to verify the fact that COURTESY MOTORS, INC. does agree to lease from HAROLD HIDALGO the building located at 1207 WEST LANDRY STREET, OPELOUSAS, LA for a period of ten years at a price of TWO THOUSAND SEVEN HUNDRED AND NO/100 ($2,700.00) DOLLARS per month.
Defendants claim that, although the parties agreed on a term and a price, there was to be no new lease until a written agreement was signed. Glenn Melvin testified he prepared the above quoted letter only as a favor to Hidalgo, who was attempting to refinance the leased property. The record reveals that shortly after Melvin wrote this letter, the defendants tendered $2,700.00 in rent, but Hidalgo refused to accept this amount.
After reviewing the record, we cannot say the trial court erred in finding the parties did not perfect a ten-year lease. The evidence in the record, particularly Hidalgo's own actions, suggest the parties did not intend to be bound until a written lease was executed.
The parties began discussing a ten-year lease when Hidalgo sought to refinance the leased property with St. Landry Homestead of Opelousas. At that time, Hidalgo's monthly payments with First National Bank and the Small Business Administration were $3,500.00, and St. Landry approved a loan package with payments of $2,700.00 per month. Merrick Cormier of St. Landry Homestead testified that, although Hidalgo received a loan commitment, his organization would require a certified copy of a written lease before it would fund Hidalgo's loan. In refusing defendants' tenders of $2,700.00, Hidalgo stated he could not accept that amount until the written lease was signed. Based upon the above, we agree with the trial *1089 judge that the plaintiffs did not meet the burden of proving an oral agreement.

DAMAGES
Plaintiffs also appeal the $3,000.00 awarded in property damages. They argue the defendants took certain shelving from the premises, which had a replacement cost of $4,100.00. Plaintiffs also seek $2,105.00 as the cost of repairing damages to the property allegedly occasioned by defendants. Defendants contend the shelving can be replaced at only $2,400.00 and the estimate submitted by Hidalgo includes the cost of three doors that did not require replacement. After reviewing the record, we cannot say the trial court erred in awarding $3,000.00 in property damages.
Because we find no breach of the lease, we need not discuss whether plaintiffs can recover nonpecuniary damages claimed, such as compensation for severe inconvenience and for loss of the leased property through the bank's foreclosure.
Hidalgo also seeks liquidated damages, as provided for in the lease, of twice the daily rental from March 16, 1986 through November 15, 1986. The paragraph on liquidated damages also contains the sentence, "Should Lessor allow or permit Lessee to remain in the leased premises after the expiration of this lease, this shall not be construed as a reconduction of this lease."
The defendants remained on the property for six months after the lease expired, and they paid all the rent demanded by the lessor. Although the lease has written out the possibility of tacit reconduction, the parties were nonetheless free to contract a new lease on a month to month basis. Because a new lease was in effect at the time the defendants vacated the premises, rather than a reconduction of the original lease, the liquidated damages section would no longer apply. See Provosty v. Gus, 350 So.2d 1239 (La.App. 4th Cir.1977). Additionally, the liquidated damages provision would only apply if the lessee refused to surrender possession of the leased premises and was therefore remaining without consent of the lessor. Clearly, this is not the factual situation presented herein.

COSTS
Finally, we find the trial court did not err in assessing plaintiffs with four-fifths of court costs.
La.C.C.P. art. 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for all costs, or any part thereof, against any party, as it may consider equitable.
The trial judge is vested with broad discretion in the fixing of court costs. Theriot v. P. & R. Farms, Inc., 527 So.2d 3 (La.App. 3d Cir.1988), writ denied, 528 So.2d 154 (La.1988). Plaintiffs prevailed on their claim for property damage, but the trial court rejected their claims for breach of the lease and for nonpecuniary damages. Under the circumstances, we cannot say the trial court's fixing of court costs was inequitable.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants, Harold Hidalgo and Hidalgo Motors, Inc.
AFFIRMED.