YARRUT, Judge.
Governor Claiborne Apartments, Inc., owner of the Claiborne Towers Building in New Orleans, filed a rule for possession against one of its tenants, Joseph J. At-taldo, seeking to evict him from ground floor premises operated by him as a barber shop since 1952. Plaintiff alleged the lease was on a month-to-month basis and written *538 notice was given to him to vacate, which he ignored.
From a judgment making the rule absolute and ordering him to vacate, Defendant has appealed suspensively.
The record reveals that on December 18, 1952, Plaintiff and Defendant entered into a written lease for ground floor space in the Claiborne Towers Building as a barber shop, for a primary term of five years. The primary term began January 1, 1953 and ended December 31, 1957. The lease gave Defendant an option to renew for an additional five years, which Defendant exercised, thereby extending the lease through December 31, 1962.
On October 2, 1962, although the original lease granted no additional options to renew beyond the one given immediately after the expiration of the primary term, nonetheless Defendant wrote a letter to the manager of Plaintiff corporation and stated, in part:
“I wish to renew my lease for Barber Shoppe for an additional (5) five years beginning Feb. 1, 1963 and ending January 31, 1967.
“Barber Shoppe * * *.”
Defendant received no response to this letter and continued to occupy the premises through January 31, 1967, paying the same rental specified in the contract of lease. On August 26, 1967, Defendant addressed the following letter to “Manager-Claiborne Towers, Inc.”, which reads, in part:
“I wish to renew my lease for Barber Shoppe located in lobby of Claiborne Towers Inc. 1732 Canal St. in the City of New Orleans, La. For period beginning on the first (1) day of February 1968 and ending on the thirty-first (31) day of January 1972. * * *.”
In the fall of 1967 the Sheraton interests purchased the building. Defendant was advised by one of the management that his shop would be painted “Sheraton green”. After the painting was completed, Plaintiff’s agent presented Defendant with a bill for the painting, reminding him it was his obligation to pay this charge under his lease agreement. The original written lease executed on December 18, 1952 did require such payment by Plaintiff. On January 6, 1968, Defendant received a letter from the Sheraton-Delta Motor Hotel (new name for the Claiborne Towers) reminding him that $49.00 for miscellaneous charges was unpaid. This refers to the cost of painting. On March 4, 1968, Defendant tendered a check for $199.00 to the Claiborne Towers, Inc., covering the monthly rental and the $49.00 painting bill.
On September 20, 1968, Defendant received two notices to vacate the premises at the close of the business day on September 30, 1968, one from the Governor Claiborne Apartments, Inc. management, and another from Plaintiff’s attorney. When he failed to comply, this rule for possession was brought.
Defendant’s refusal is based on the theory that the second quoted letter had the effect of extending his lease through January 31, 1972. Although he did not receive a reply he contended that Plaintiff’s silence, coupled with its acceptance of future rents, and its charging him for painting the premises, constituted an acceptance of his offer to extend the lease.
Plaintiff, on the other hand, contends that its silence did not revitalize the expired lease, because the original lease specifically provides that the tenant’s remaining in the premises beyond the lease period would not operate as a reconduction of the lease. Counsel correctly cites the decision in Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521, as authority for the proposition that the right to renew a lease is never presumed, but must be expressly granted by the terms of the lease.
Defendant argues that, even though the original lease did not give him the option *539 to renew for any more than one period beyond the primary term, nonetheless the letter of August 26, 1967, constituted a new offer which Plaintiff ultimately accepted by its actions after the offer was made. The tenant urges his offer was impliedly accepted by Plaintiff’s action; and that this mode of acceptance is provided for in LSA-C.C. Art. 1811, which reads:
“The proposition as well as the assent to a contract may be express or implied:
“Express when evinced by words, eithei written or spoken;
“Implied, when it is manifested by actions, even by silence or by inaction, in cases in which they can from circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent.”
Considering the instant case m the light of this Article, we conclude that Defendant’s letter of August, 1967, was an offer to rent the premises he then occupied under identical provisions outlined in the original lease. Because of the provisions in the 1952 agreement barring automatic reconduction of the lease by occupancy after the lease expired, we do not think the Plaintiff’s silence would operate as an acceptance of Defendant’s offer. But when Plaintiff later required Defendant to comply with a painting maintenance provision outlined in the original lease, we think this action constituted an acceptance by implication of the offer to lease. Having enforced one of the provisions favorable to itself, Plaintiff cannot repudiate the balance of the obligation it contracted.
For the reasons assigned, the judgment appealed from is reversed; and
It is now ordered that Plaintiff’s rule for possession is dismissed; Plaintiff to pay all costs.
Reversed and rendered.