BARHAM, Justice.
 

 In an action by Governor Claiborne Apartments, Inc., to evict Joseph J. Attaldo from a portion of a building owned by the corporation and rented by Attaldo for use as a barber shop, the trial court ordered the defendant to vacate the premises. The Court of Appeal reversed, 224 So.2d 537, and we granted certiorari.
 

 On December 18, 1952, .the plaintiff and the defendant executed a written lease for ground floor space of approximately 460 square feet. The lease was for a five-year term (January 1, 1953, to December 31, 1957) but contained an option for one renewal for an additional five years. Defendant exercised this option, and the lease was thus extended through December 31, 1962. Although there were no provisions for additional options in the lease, defendant offered in writing, before the end of the second lease period, to “ * * * renew my lease for Barber Shoppe. For an additional (5) five years. Beginning Feb. 1, 1963 and ending January 31, 1967 * * He received no response and continued to occupy the premises.
 

 Seven months after the expiration date proposed in that offer, the defendant addressed another letter to the manager of Claiborne Towers, Inc., which stated: “I wish to renew my lease for Barber Shoppe located in lobby of Claiborne Towers Inc. 1732 Canal St in the City of New Orleans La. For period beginning on the first (1) day of February 1968 and ending on the thirtyfirst (31) day of January 1972.” Again no response was given to the defendant, and he remained on the premises.
 

 The defendant contends that his continuing occupancy of the premises and the silence of the plaintiff and its agents to his offers constituted an implied contract to lease under the same terms as the original lease agreement for two additional fixed terms. Only one circumstance other than occupancy and silence is urged as. evidence of an implied contract of lease. At some time before February 1, 1968, the beginning date proposed in the defendant’s second offer of renewal, the management of the building painted defendant’s premises and presented him with a bill for. $49.00 for the cost of painting. The Court of Appeal held on original hearing that lessee’s liability for painting costs was a specific obligation of the original lease, and that plaintiff by requiring defendant to comply with a provision in the original lease impliedly accepted defendant’s offer to lease. In a per curiam on rehearing that court correctly found that this was not a
 
 *223
 
 condition of the original lease; nevertheless, it reaffirmed its judgment because of the testimony that plaintiff’s agent had demanded payment for the painting by stating that the lease required payment from the lessee. That court inferred from this that plaintiff’s agent believed the written lease operative, and that such a state of mind implied an acceptance of defendant’s offer.
 

 Contracts are not presumed, and therefore the option or right to renew a lease is never presumed. The civil law has expressly recognized that occupancy of premises by a lessee after the expiration of a fixed-term lease constitutes reconduction. The Code Napoleon recognized under Articles 1738 and 1759 that a lessee’s continued possession after the expiration of a lease with a fixed term operated as a continuation of the lease but for a new term of duration according to the custom of the place. Under such a reconducted lease either party could give notice of termination of the lease upon observing the delays established
 
 “
 
 * * * by the custom of the place”. C.N. Arts. 1736, 1759.
 

 Under our Civil Code provisions based on these articles of the Code Napoleon, legal reconduction takes place when a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week. The reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of duration in the old lease is voided and the reconducted lease is considered to be by the month. La. Civ. Code Arts. 2689, 2685, 2686.
 
 [1]
 

 In the absence of an affirmative showing by the defendant — that is, discharge of his burden of proof — that there was a renewal of the lease by implied or express agreement for a fixed term from February 1, 1968, to January 31, 1972, we would be required to hold that defendant’s occupancy of the premises was under a reconduction of the written lease on a month-to-month basis. The Court of Appeal erred in its conclusion that when the lessor enforced, or thought it could enforce, provisions, conditions, or obligations of the written lease, this was implied acceptance of lessee’s offer to lease. Reconduction in Louisiana does in fact make all of the provisions of the original lease applicable and effective except that
 
 *225
 
 for term of duration. Lessor could require of lessee compliance with every condition of the original lease under the theory of reconduction as fully as if there had been an actual renewal of the lease, except that lessor could not require occupancy for a fixed term just as lessee could not require the right to occupancy for a fixed term; and of course the notice of termination by either party is controlled by Article 2686 rather than by contract.
 

 Therefore the only facts which can be relied upon by defendant for a binding fixed-term lease beginning February 1, 1968, are that he made an offer, that he has remained on the premises, and that plaintiff has accepted his monthly rental payments.
 
 [2]
 

 While assent to a contract may be implied, that implication must be established and cannot be presumed. Defendant’s burden was to establish a lease for a fixed term. He had to prove a meeting of the minds of the contracting parties that their relationship as lessor and lessee was for the alleged fixed term, by either express language or by circumstances (action or inaction) that necessarily implied the proposition. The facts and circumstances of the instant case establish only the existence of a lease by the month between the parties because of the reconduction of the written lease.
 

 For the reasons assigned the judgment of the appellate court is reversed, and the judgment of the trial court is reinstated. Costs are to be paid by the defendant.
 

 [1]
 

 . In this ease the parties to the original lease eonvenanted: “ * * * Should Lessor permit Lessee to remain in the leased premises after the expiration of this lease, it shall not he construed as a reconduction of this lease, but Lessee shall occupy the leased premises as a tenant by the month.” It is apparent that although the parties attempted to contract against “reconduetion”, the stipulation that lessee’s continued occupancy would be “as a tenant by the month” is in fact reconduction.
 

 [2]
 

 . We note defendant's first offer to renew would not have become effective until one month after the expiration of the original lease and its renewal by option. More noticeable is the fact that the second offer to renew, under which implied acceptance must he established for the purpose of the case at hand, was not made until seven months after the expiration of the period specified in defendant’s first offer of renewal and was then to become effective several months thereafter. There was therefore a period of one year from February 1, 1967, to February 1, 1968, during which defendant’s right of occupancy necessarily rested upon the theory of re-conduction.