AUGUST A. NOBILE, Jr., Judge Pro Tern.
This is a cause originating out of the lease of a certain unimproved lot on Old Gentilly Road in New Orleans. The lease is not in dispute and had a term from December 1, 1966 to November 30, 1969.
On February 19, 1969, prior to the end of the lease, the lessor Mrs. Caruso died and the plaintiff in this action and appellee here, Guy J. D’Antonio, was duly appointed and qualified and appears here in his capacity as executor of the Succession of Mrs. Rose Caruso.
The appellant contends that the lease was not reconducted after its term on the basis of the claim that the lessee did not enjoy the use of the property after the expiration of the term of the lease.
The appellant contends that this is based upon termination of the lease by a letter, receipt of which is contested by the appel-lee, reading, as follows:
“Some time ago you said that you would send me an accounting of the payments I have made so far on the lot I rented from your wife. So far, I have noting (sic.) but the letters you sent, but no list as you promised.
Am still trying to get some money to catch up on my rent payments. Business is very bad for me right now.
Henry Covington finished moving all my trucks and materials off the lot last week. I still can’t find out who stole all my radiators from the motor graders and trucks.
Yours truly,
Dennis J. Talley
3403 Marigny
New Orleans, La.
We agree with the finding of the trial court that such a letter is certainly not conclusive of an intention to discontinue use *219 of the property. To the contrary, it appears that there is an intention to continue using the property once the payments are caught up, if innuendo is at all to be considered.
Accordingly, since the oral testimony -was in conflict, we must assume that the trial judge found the adequate evidence offered by the plaintiff to be credible. There is no evidence which demonstrates manifest error on the part of the trial judge, who had the opportunity to judge the demeanor of the witnesses called by the parties.
This Court has reviewed the entire record and has determined that the result reached by the trial court was not manifestly erroneous. Martin v. Farkas, 241 So.2d 272 (1970).
There is no dispute that the lessee has not paid rent of $347.50 for the term of the written lease. Where a tenant continues to occupy the premises after expiration of the term of the lease, as the trial court found in this case, there is reconduction of the lease. The stipulation in the lease that if the lessor allowed the lessee to remain on the premises after the expiration of the lease, it should not be construed as reconduction of the lease, but that the lessee should occupy the leased premises as a tenant by the month was in fact reconduction, even though it was apparent that the parties attempted to contract against reconduction. Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574, 1970; LSA-C.C. Arts. 2685, 2686, 2689.
The plaintiff proved to the satisfaction of the trial court by the testimony received orally the extent of the debt for past due rent. We affirm that finding as we find no manifest error in the findings of the trial judge on the rent due as a result of the reconduction of the lease. Reconduction does make all provisions of the original lease applicable and effective except that for term of duration. Governor Claiborne Apartments, Inc., supra. Accordingly ten (10%) per cent attorney fees are in order on the full amount.
For the reasons assigned, the judgment of the trial court is affirmed and the appeal is dismissed at the defendant’s cost.
Affirmed.