WATSON, Judge.
This suit involves a claim by plaintiff, Samuel Miller, against defendant, G. & S. Implement Company, Inc., for lease rentals alleged to be due at the rate of $300 per month from December 18, 1973, until December 18, 1974. Plaintiff has appealed from a judgment of the trial court allowing recovery for the first three months of this period.
The facts are virtually undisputed and will be stated in chronological order.
December 17, 1968— Lease signed between Miller and G. & S. for a commercial building and tract of land located approximately two miles west of Ville Platte.
December 18, 1969 to December 17, 1970 — The primary term of the lease as stated in the following provision:
“TERM: This lease shall be for a primary term of one (1) year, commencing December 18, 1969 and ending December 17, 1970, with the option to renew on a year to year basis provided that either party may terminate the option to renew by giving the other party six (6) months written notice that he does not desire to renew the option. It is understood that the lease will run for at least the primary term of one (1) year.” (TR. 28)
November 3, 1972— Letter from G. & S. to Miller stating that G. & S. “will not renew our option to re-lease” the property.
August 6, 1973— Letter from Miller to G. & S. authorizing G. & S. to sublease the property.
November 20, 1973' — ■ Last payment by G. & S. to Miller of rent which represents payment through December 17, 1973.
January 15, 1974— Letter from the attorney for G. & S. stating that while his opinion was that Miller had already been properly notified of the desire to terminate the lease, since the matter was in litigation, he was notifying Miller that G. & S. did not have an intention to renew the lease in the future.
March, 1974— Tornado struck building, damaging the roof estimated by plaintiff to have damaged the front 20% of the building’s space;
repaired within a period of about three months.
After trial of this matter, the trial court awarded plaintiff rent at the rate of $300 per month from December, 1973, through ■the month of March, 1974, being of the opinion that the sub-lease arrangement had the effect of renewing the lease, but that *555 the serious damage of the property by the tornado of March, 1974, had the effect of terminating the lease.
Plaintiff contends on appeal that he is entitled to rent through December, 1974, or, in the alternative, that he is entitled to the rental less a 20% allowance for damage to the building by the tornado.
The decisive issue as we view the case is whether defendant notified plaintiff of its intention not to renew the lease. If that question be answered in the affirmative, we find that the other issues relating to the sub-lease and the tornado have no bearing on the decision of the case.
While it is not crystal clear, the wording of the lease indicates an initial term of one year and subsequent terms of one year with either party having the right to terminate the lease by giving notice in writing six months prior to the renewal date. The letter of November 3, 1972, from G. & S. to Miller is a clear indication that the lease would not be renewed. The letter would have effect on the renewal date of December 17, 1973, because of the requirement that notice of six months be given. It would not have effect on the renewal of December, 1972, because the time lapse was inadequate.
The fact that Miller authorized G. & S. to sublease on August 6, 1973, does not have the effect of renewing the lease for an additional one-year period. We have been cited to no authority for such a proposition, and we know of none.
Therefore, the lease expired December 17, 1973. Any subsequent lease would be on the basis of a month-to-month term. LSA-C.C. art. 2685. This would be true even though the lease had been re-conducted by the continued occupancy of defendant or his sub-lessee. LSA-C.C. art. 2689; D’antonio v. Talley, 297 So.2d 217 (La.App. 4 Cir. 1974).
Therefore, while we have a slightly different view of the case from that of our esteemed brother of the trial court, it appears that his allowance of the additional three months’ rent following December 17, 1973, was entirely proper, since the lease had been re-cpnducted through occupancy by the sub-lessee on a month-to-month basis for a three month period following the expiration of the one-year term on December 17, 1973. Defendant did not appeal the award of three months’ rent. The plaintiff is not entitled to any additional payment of rent under the facts found by the trial court. The occupancy terminated in the view of the trial court with the tornado of March, 1974. We find no manifest error in this conclusion. Therefore, we affirm the award.
Costs of the appeal are taxed against plaintiff-appellant.
Affirmed.
MILLER, J., concurs in the result.