COLE, Judge.
This appeal involves a claim for unpaid rent due under a lease. The issue is whether a recondiiction of the lease took place thus creating an obligation for the additional rental sought.
On July 12, 1973, Quality Seafood, Inc., leased certain premises located in Jefferson Parish to Dos Gris Seafood, Inc. The property was thereafter used' by the lessee in its shrimping business.
The term of the lease was for one year at $150.00 a week with a renewal option of one year which could be exercised by written notification to the lessor of the lessee’s intention to do so if given sixty days prior to the expiration of the primary term.
This suit alleges that, although the formal extension of the lease was not exercised, the lessee stayed on under the same terms and conditions for an additional thirteen months and the lessor was paid only $105.00 for that time period. All rents due for the first year were paid in full.
After trial, judgment was rendered in favor of the plaintiff in the amount of $7,695.00, plus legal interest and costs. In its comprehensive written reasons for judgment, the court found a tacit reconduction of the lease had taken place. It noted the defendant had continued to occupy and use the premises for its business purposes during the thirteen months following the primary term, it made the partial payment of $105.00, and it maintained utilities and telephone service during the reeonduction period. In reaching the amount of its judgment, the court determined rent for the fifty-six weeks and four days in which the defendant continued its occupancy, less the $105.00 payment for which it should be credited, came to $8,380.00. However, due to an error in pleading, the plaintiff only prayed for $7,695.00, and that amount was awarded by the court. Defendant appeals. We affirm.
Appellant admits occupancy after the primary term but denies the amount sought to be recovered is due. Appellant contends it was in the process of attempting to buy the property from Quality Seafood and was allowed to stay on without a rental demand in anticipation of possible sale. Appellant also maintains a tacit reconduction of the lease did not take place because appellee attempted to increase the rental price at the end of the original term, and such an attempted modification would prevent a re-conduction.
In Southern Ventures Corp. v. Texaco, Inc., 372 So.2d 1228 (1979), the Supreme Court of this state reviewed the law concerning reconduction of leases. There, it said:
“Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970), expresses the law relative to occupancy of leased premises after the lease expires, referring to the appropriate code articles:
‘Under our Civil Code provisions based on these articles of the Code Napoleon, legal reconduction takes place when a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week. The reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of *97 duration in the old lease is voided and the reconducted lease is considered to be by the month. La.Civ.Code Arts. 2689, 2685, 2686 . . . ’ (235 So.2d at 576)”
The district court found the parties voluntarily continued the arrangement on the same terms and conditions as called for in the written lease which controlled the primary term. It noted that testimony of the parties was in direct conflict on this basic issue but the evidence preponderated in favor of the lessor and, within its discretion, it accepted that version of the facts offered by Quality Seafood and rejected that of the lessee. This crucial testimony was factual in nature and concerned the actions and conversations of the parties relative to the continued use of the premises. Absent manifest error, we will not disturb this factual finding by the district court.
In McMillan v. Travelers Ins. Co., 371 So.2d 1213 (La.App. 1st Cir. 1979), this court noted:
“The credibility of the witnesses is best judged by the trier of fact and his judgment in that regard will not be disturbed unless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). In Tingle v. Reserve Life Insurance Company, 260 So.2d 333 (La.App. 2 Cir. 1972), the court observed:
‘The remaining issue to be resolved is plaintiff’s entitlement to penalties and attorney’s fees for defendant’s alleged arbitrary and capricious refusal to pay the claim. LSA-R.S. 22:657 provides that an insurer shall pay claims arising under health and accident contracts within thirty days after proof of a claim “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.”
‘As to whether or not just and reasonable grounds exist is purely a factual matter and each case must be considered on its own facts and circumstances. The trial judge found the actions of defendants in the instant case not to warrant the imposition of penalties and attorney’s fees, and unless his determination is manifestly erroneous, we will not disturb same.’ ”
In view of the continued occupancy and business use of the premises by appellant, its partial payment of the rent and its continuance of utilities, the judgment of the district court is not clearly wrong.
Appellant also specifies as error the trial court’s exclusion of certain evidence it attempted to introduce concerning damage done to the premises by a tropical storm. This allegedly made the premises unsuitable to some extent. However, we find no place in the transcript where such evidence was excluded by the trial court. The evidence adduced relating to possible storm damage presented another factual question to the trial court which was obviously resolved against appellant. In this regard, we likewise find no manifest error.
The judgment of the district court is affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.