SCHOTT, Judge.
This is a suit to cancel a lease of immovable property in St. Bernard Parish brought by the plaintiffs as owners and lessors against defendant as lessee. The issues are plaintiffs’ entitlement to cancel the lease because of defendant’s violation of a provision requiring it to carry liability insurance and its failure to pay rent. Also, plaintiffs have attacked the validity of the lease because of its inclusion of provisions which require the lessor to provide lessee with a 30-day notice to cure any default including non-payment of rent.. Plaintiffs have appealed from an adverse judgment.
The lease was entered into between the mother and father of plaintiffs as lessor and defendant on January 5, 1976, for a 5-year primary term beginning that date. Lessee was given two 5-year options under the lease with no provisions requiring it to take any action other than payment of rent in order to exercise an option. In September, 1980, plaintiffs purchased the property from their parents and they filed this suit on January 5, 1982.
On January 30, 1981, defendant paid the February rent and this check after being deposited by plaintiffs was returned to them as NSF. Plaintiffs did not notify defendant of this development but when defendant’s president received his February bank statement he learned that the check had been returned and he notified plaintiffs to redeposit the check in the bank. However, they never did so. On July 30, 1981, defendant issued a rent check which was also returned to plaintiffs as NSF, but plaintiffs never notified defendant of this development either.
The lease contains the following clause:
“DEFAULT:
a. Rent — LESSEE shall be in default for non-payment of basic monthly rental and must be cured within thirty (30) days after receipt of written notice thereof.
b. For any default other than non-payment of rent, ‘LESSEE’ shall be given thirty (30) days within which to cure the default after written notice thereof.
c. The parties agree that the notice requirements set out herein are for the benefit of ‘LESSEE’ and are given to it for the purpose of avoiding default without ‘LESSEE’ having a notice and opportunity to remedy the default; however, nothing contained herein shall be construed to give to ‘LESSEE’ the right to willfully and deliberately or unreasonably abuse the notice requirements set forth herein.”
Since the plaintiffs did not comply with the lease provisions requiring them to give the 30-day written notice to defendant concerning the NSF checks they may not obtain a cancellation of the lease on the grounds of lessee’s non-payment of rent. Ford v. Independent Bakers Supply, Inc., 385 So.2d 580 (La.App. 4th Cir.1980).
Plaintiffs alleged that defendant failed to obtain and maintain liability insurance on the premises as it was required to do under the lease, but defendant produced at the trial proof in the form of a policy that such insurance had indeed been in effect. The lease did not require defendant to provide plaintiffs with a certificate of insurance or a copy of the insurance policy and the record shows that they never asked defendant for proof of insurance before the suit was filed nor gave him written notice of this default.
*65 Plaintiffs contend that the default clause, quoted above, constitutes a potesta-tive condition under LSA-C.C. Arts. 2024 and 2034 such as to nullify the lease. Under the former article such a condition is one which makes the execution of an agreement dependent on an event which one of the contracting parties is free to bring about or hinder. The default clause is not such an event. The lessee must pay the rent. If it is given a proper written notice in accordance with the lease and it still fails to pay within the thirty day grace period the lease may be cancelled. The articles on potestative conditions have no application to this situation.
Finally, plaintiffs contend that defendant did not notify them that it was exercising its option so that it forfeited the right to do so. Although plaintiffs did not plead this issue and it may not be properly before us, we have nevertheless concluded that the contention has no merit. The lease grants the option but contains no provisions requiring defendant to do anything but pay additional rent during the second 5-year term. Defendant was doing so for a year before plaintiffs filed their suit. Plaintiffs have not suggested any legitimate reason for defendant’s forfeiture of its option rights. Gov. Claiborn Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970) relied upon by plaintiffs has no application to the facts of this case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.