## IMBIMBO v VOLUSIA REALTY ASSOCIATES, INC.

Case No. 86-1362-SP12-C

County Court, Volusia County

*October 5, 1986*

### APPEARANCES OF COUNSEL

**Richard W. Withers** for plaintiff.

**Charles D. Hood, Jr.** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came to be heard for trial before the Court without the intervention of a jury and the Court having heard the testimony of the witnesses and examined the exhibits entered into evidence, finds as follows:

1. The Plaintiffs and Defendant entered into a written lease agreement on a month-to-month basis commencing September 4, 1985 to September 30, 1986 at a rental of $575.00 per month. The first month's rent was pro-rated giving the Plaintiff credit for three (3) days in September and the lease provided that all rents shall be payable on the first day of each month.

2. The lease provided for a $750.00 security deposit. Attached to this lease was an addendum which provided that if the Tenant did not occupy the premises for 12 months from the date of the addendum, the security deposit would be forfeited.

3. On February 3, 1986, less than 12 months from the inception of the lease, the Plaintiff notified the Defendant in writing that they would vacate the premises at the end of February.

4. Pursuant to Section 83.49(3) the Defendant notified the Plaintiffs in writing that it was imposing a claim for damages of $750.00 on the security deposit because the "lease has not been completed."

5. The Plaintiffs duly objected to the claim in writing required by statute and this suit was thereupon instituted.

6. The Court finds that the addendum provision which purports to forfeit the security deposit if the Tenant does not occupy the premises for 12 months is inconsistent with a month-to-month tenancy as it is in violation of Section 83.47(1)(a), Florida Statutes which reads as follows:

"(1) A provision in a rental agreement is void and unenforceable to the extent that it; (a) Purports to waive or preclude the rights, remedies, or requirements set forth in this part."

7. Under a month-to-month tenancy, the Tenant can terminate the lease by giving 15 days notice required by statute (Section 83.57, F.S.) or by 30 days notice prior to the end of any. monthly period as provided by contract, as was the case herein. If proper notice is given, the Tenant is entitled to the return of his security deposit if all the provisions of Section 83.49 are met. The addendum in this case precluded the Plaintiffs from asserting their rights to the security deposit and is therefore unenforceable.

8. Under Section 83.57, F.S., a month-to-month tenancy may be terminated by giving 15 days notice prior to the end of any monthly period. Where the lease requires a longer period of time period for notice than the statute, the time period in the lease will prevail. (*Smith v. LaMorque*, 427 So.2d 63, LA 4th DCA 1983).

9. The lease in this case provided for a 30 day notice but even if

giving the Plaintiff the luxury of a 28 day month in February, the Plaintiff only gave 25 days notice, the notice having been mailed (uncertified) on February 3, 1986. Notice requirements in landlord and tenant cases must be strictly construed. (*Kent v. Wood*, 235 So.2d 60, Fla. 3d DCA 1970). Therefore, the Defendant is entitled to rent for the month of March, if not rented for that month. The Defendant did not rent the premises until April 1986 and is therefore entitled to claim the $575.00 March rent as damages in its claim of lien.

10. The Plaintiff also claimed damages in the amount of $80.00 for carpet cleaning and $55.00 for "complete clean filter and light bulbs." The addendum provided that "all carpets are to be cleaned by an approved professional cleaner prior to tenants' vacating premises at tenants' expenses."

11. The Plaintiffs herein occupied the premises for six months. There was no evidence that the carpet needed cleaning or was damaged by the Plaintiffs. Such a provision is unconscionable since the Defendant had unbridled discretion to arbitrarily clean the carpet where it was not needed and unduly charge the Tenant even if the Tenant occupied the premises for one month. This Court will not enforce this provision under Section 83.45, Florida Statutes. The charge of $55.00 for cleaning an empty apartment without furnishings is also unconscionable to the Court and there was no evidence that the Plaintiffs damaged the apartment or left it in disrepair other than ordinary wear and tear. Therefore the Court will disallow the $135.00 for cleaning the carpet and apartment. It is therefore

ORDERED AND ADJUDGED that the Plaintiff recover from the Defendant the sum of $175.00 plus costs taxed at $48.00 for all of which let execution issue, and it is further

ORDERED AND ADJUDGED that the Court reserves jurisdiction to award reasonable attorneys' fees to the Plaintiffs as the prevailing parties.

DONE AND ORDERED in Chambers, at Daytona Beach, Volusia County this 5th day of October, 1986.