## GROVES v SOUTHLAND POWER CORPORATION AND GLENDALE FEDERAL SAVINGS & LOAN ASSOCIATION

Case No. 89-20543 01

Seventeenth Judicial Circuit, Broward County

December 19, 1989

### APPEARANCES OF COUNSEL

**Ernest A. Alexas,** for appellant.

**Jane H. Howard,** for appellee.

**Richard H. Jahns,** for garnishee/appellee.

### OPINION OF THE COURT

JACK MUSSELMAN, Circuit Judge.

This is an appeal from the County Court of an interlocutory order setting aside a default entered against Appellant by County Judge Leonard L. Stafford on June 23, 1989.

The court below, in its order setting aside the default, specifically ruled that the Default Final Judgment and the Amended Default Final Judgment dated December 2, 1988 and January 23, 1989, respectively, shall remain in full force and effect. The court also ordered that the Writ of Garnishment shall remain in full force and effect and will not be dissolved until Final Hearing.

Time for filing a reply brief has elapsed and appellee has filed nothing in this appeal.

At the outset the court notes the distinction between an appeal of a non-final order denying a motion to set aside a default and one granting the motion to set aside the default.

In this first instance wherein a motion to set aside a default is denied, an appeal is allowable under Rules Appellate Procedure, Rule 9.130(a) (3) (c) (iv) as decided by the Supreme Court of Florida in *Doctor's Hospital of Hollywood, Inc., Petitioner v Madison, et ux Respondent* on March 4, 1989, 411 So.2d 190; *Silva v Pedro Realty,* 411 So.2d 872.

In the second instance where an appeal is taken from an order granting a motion to set aside a default, as in this case, the ruling is contrary-wise and the appellate court in such instance is without jurisdiction to consider the appeal and further cannot treat the motion instead as an application for common law certiorari, *Proet v Martinez,* 367 So.2d 657; *Graham v Keeser,* 433 So.2d 34.

The distinction is also discussed in *Doctor's Hospital* case cited above at page 192 and this court is therefore without jurisdiction to consider an appeal on this issue, *Moody v Moody,* 311 So.2d 553.

The appellant has raised as a point on appeal that as a result of setting aside the default the lower court should have thereafter set aside the Default Final Judgment and the Amended Default Final Judgment.

Rule 1.500(d) provided as follows:

(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b)

The Appellant concedes in its brief that no motion to set aside the Final Judgment was made under the rule mentioned, Rule 1.540(b), upon the grounds mentioned therein. Even though the judgments in question are both labeled Default Final Judgment indicating that same were entered based upon the entry of the default which was set aside, that Appellant failed to comply with F.R.C.P. mentioned, namely, Rule 1.500 and Rule 1.540(b).

Consequently, the Writ of Garnishment based thereon will continue to stand as provided by the lower court in its order and the trial court's order of June 23, 1989 is AFFIRMED.

DONE AND ORDERED in chambers, Fort Lauderdale, Broward County, Florida this 19th day of December, 1989.