VICTORY, Judge.
Plaintiff, Patricia K. Mays, filed suit against T.W. Alley, Jr., d/b/a Villa Chateau Apartments, seeking a return of her security deposit on an apartment, and seeking damages and attorney’s fees. Judgment was entered in favor of defendant, Mr. Alley, and Mays appealed. We affirm.
FACTS
In September 1987, Ms. Mays leased an apartment at Villa Chateau Apartments in Bossier City, Louisiana. Prior to signing the lease, Mays gave a $75 deposit in order to reserve a particular apartment. She also signed a deposit agreement which provided that when she signed a lease and a security deposit agreement, her deposit then would be used as a security deposit. According to the agreement the deposit would be refundable, provided all the requirements of the lease and the security deposit agreement were fulfilled. On September 16, 1987, Mays signed an apartment lease and a security deposit agreement.
Under the provisions of the lease, the six-month term began to run on September 16, 1987, and ended on February 29, 1988. The lease provided that upon expiration of the first term, the lease agreement would be renewed for an additional six-month term, unless the lessee gave 30-days notice prior to the expiration of the initial term. Mays continued to occupy the apartment after the expiration of the initial term and thus triggered the provision continuing the lease for an additional six months. Mays then continued to occupy the apartment after the expiration of the second six-month term, and both parties agreed that at this point the lease was reconducted on a month-to-month basis.
The provisions of the lease also stated that the lessor would refund the security deposit, provided all the terms and conditions of the lease were complied with, subject to the provisions of the security deposit agreement. Thus, both the lease and the initial deposit agreement specifically referred to the security deposit agreement, and made return of the security deposit *461 contingent upon the provisions of the security deposit agreement.
The first two items required by the security deposit agreement, both of which were printed in bold-faced print, made release of the security deposit subject to: “(1) the full term of the lease being expired; and (2) a full calendar month’s written notice being given prior to the lessee’s leaving the apartment.”
On May 15, 1990, Mays sent the lessor written notice of her intent to terminate the month-to-month lease on the last day of May 1990. Mays sent the notice via certified mail, and the notice was received on May 17, 1990. On May 30, 1990, Mays sent a second letter via certified mail requesting return of her $75 security deposit, indicating that she had fulfilled all the cleaning requirements. The second letter was received on June 2, 1991. The lessor gave written notice to Mays in a letter dated June 13,1990, that her security deposit had been withheld for failure to give a full calendar month’s written notice prior to leaving the apartment. Mays then brought suit against the lessor for recovery of the security deposit, and for penalties and attorney’s fees.
The trial court found that the lease was reconducted on a month-to-month basis under the same terms and conditions as the old lease. The court observed that the security deposit was subject to the provisions of the security deposit form. The court further noted:
But one of the things [the security deposit form] says and what strikes me is that in bold writing it says ... one of the requirements for release of the security deposit is that a full [calendar month’s written notice be] given prior to leaving the apartment. And that was not done. And this is not just ... hidden in the contract somewhere.
Because the court found that Mays did not give the notice required by the security deposit agreement, the court held for the defendant lessor. In so holding, the court found that Mays was aware of the notice requirement, and that she could contract to give such notice because it was not contrary to good morals.
On appeal, Mays asserts that the trial court erred in finding that the lease and security deposit agreement provisions, requiring a full calendar month’s written notice, applied to the reconducted lease. The essence of Mays’ argument is that when reconduction occurred under LSA-C.C. Art. 2689, the lease became a month-to-month lease for which notice of termination was set forth in LSA-C.C. Art. 2686, thereby voiding the notice requirement of the original lease by operation of law.
DISCUSSION
The provisions of Article 2686 of the Louisiana Civil Code state:
The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least 10 days before the expiration of the month, which has begun to run.
In the instant case, there is no dispute that the lease reconducted at the end of the second term and continued on a month-to-month basis. Therefore, Mays gave proper notice of termination by notifying the lessor in writing on May 17, 1990, at least 10 days before the expiration of the month. As noted by the trial court, although proper notice of termination was given, proper notice of termination is not at issue. While reconduction of the lease changed the term of the lease from six months to a month-to-month basis, it did not change the other provisions of the lease agreement, including the provision which made return of the security deposit subject to the conditions of the security deposit agreement.
As stated by the Louisiana Supreme Court in Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 at 576 (1970):
Under our Civil Code provisions based on these articles of the Code Napoleon, legal reconduction takes place when a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week. The recon- *462 ducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of duration in the old lease is voided and the reconducted lease is considered to be by the month. (Emphasis added.)
In many instances, the notice required for the return of a security deposit will be the same as the notice required to terminate the lease. However, the law does not require that this be true in every case. Instead, as noted by the trial court, the parties are free to contract in this respect, and there was nothing contra bonos mores in the parties’ contractual agreement.
Accordingly, we find that reconduction of the lease did not void the original contractual agreement between the parties. Mays was still contractually obligated to give the lessor a full calendar month’s written notice before leaving her apartment in order to recover her security deposit.
The remaining issue concerns the applicability of statutory provisions concerning a lessee’s deposit. Mays argues that the trial court erred in failing to apply the provisions of LSA-R.S. 9:3251 et seq., under which damages are awarded for a lessor’s willful failure to remit a security deposit within 30 days after written demand, and under which attorney’s fees and costs may be awarded. Under the provisions of LSA-R.S. 9:3251(A), the lessor may retain all or any portion of the deposit which is reasonably necessary to remedy a default of the lessee or to remedy unreasonable wear to the premises. If any portion of the deposit is retained by the lessor, he must forward to the lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the retained proceeds and giving the reasons for retaining the proceeds. However, as provided LSA-R.S. 9:3251(C), the preceding requirements do not apply when a tenant abandons the premises “either without giving notice as required or prior to termination of the lease.”
Because Mays did not give the lessor a full calendar month’s written notice as required by the lease, the lessor did not violate the statutory provisions requiring return of a lessee’s deposit. Less than one month after Mays’ tenancy terminated, the lessor gave her a written statement accounting for her security deposit and giving the reason why the deposit was being retained.
DECREE
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.