| JBOWES, Judge.
Defendant, Diane S. Drury d/b/a Plant Specialist of Metairie, appeals from a judgment of eviction ordering her to vacate the premises of plaintiff, International Properties, Inc. We affirm.

FACTS

Defendant leased from the plaintiff certain property on Airline Highway, in Metairie Louisiana. The written lease between the parties stated that it was a two year lease; however, it was, in actuality, a three year lease, as the specified term in the lease document was the period from January 1,1989 to December 31,1991. The lease provided for a rental payment of $500.00 per month. The lease also provided in part:
19. Upon expiration or termination of this lease, Lessee shall surrender possession of the leased premises immediately to Lessor. Any holding over [ gby lessee shall not operate, except by written agreement, to extend or renew this lease, but in such case, Lessor may terminate Lessee’s occupancy at once or may consider such occupancy to *84 be from month to month [.] (Emphasis supplied).
At the conclusion of this three year lease, no new written lease was confected by the parties.
On July 31,1993, Mrs. Barbara Haase, the property manager/agent for plaintiff, sent a letter to defendant which said in part,
... you requested a two year lease at a reduced rental. We complied with your request, but you have not returned the lease signed, though you did take advantage of the reduced rental. In so doing the lease is implied. Thus, the terms are the same as your previous leasing agreements which also covers repairs. (Emphasis supplied).
The evidence adduced at trial reflects that defendant payed a lower rental of $450.00 as of February, 1993.
On March 26,1996, plaintiff notified defendant that “... your month to month lease of the property located at 400 Airline Highway Metairie, Louisiana will terminate effective midnight April 30, 1996.” Ms. Drury failed to vacate the premises by April 30th, and this suit followed.
In defense of the suit, Mrs. Drury contended that there was a valid lease in effect on April 30, 1996. She alleged that, at the expiration of the term of the lease in question, a renewal of that lease took place which changed the amount of the monthly payment, for a three year period from January 1, 1992 to December 31, 1994, and that at the end of the first ^renewal term a second renewal, from January 1, 1995 to December 81, 1997.
Both renewals, she alleges, were occasioned by the letter sent to Mrs. Drury by Mrs. Haase on July 31,1993.
At the conclusion of the trial on this matter, the trial judge found in favor of plaintiffs holding that there was no written lease now in effect and he ordered Mrs. Drury to vacate the property, and Mrs. Drury filed this appeal.

ANALYSIS

On appeal, we must decide whether a valid lease was in existence at the time plaintiff sent to defendant notice to vacate the premises.
Appellant argues that the original lease, with a three year term terminating on December 31, 1991, had been renewed twice, with the second term to end on December 31, 1997 and, therefore, the lease was still in effect at the time of the notiee to vacate.
It is undisputed that the only written lease in this case is the one for the term beginning on January 1, 1989 and ending on December 31, 1991.[1] Therefore, if a lease was actually in effect at the time of the plaintiff’s notice to vacate the premises, it would be a reconduction of the lease which terminated in 1991 or a new, oral lease between the parties.
Lin this case, it was clearly established that the terms of the rental due was changed from $500.00 to $450.00 in the early part of 1993.
Accordingly, the original lease is not in effect by reconduction.[2]
*85 |sMrs. Drury alleges that she discharged her burden of proving that the original lease was in effect because there was a renewal of that lease for a fixed term from January 1, 1992 to December 31, 1994 and a second renewal from January 1, 1995 to December 31, 1997, by virtue of the letter sent by Barbara Haase because that letter states:
... the lease is implied ... the terms are the same as your previous leasing agreements
and that, in the letter, Mrs. Haase actually meant that the lease was renewed.
The only documentary evidence introduced at trial was the lease which terminated at the end of 1991, the letter from Barbara Haase, the notice to vacate sent in 1996 and a admission which states that Barbara Haase was acting as an agent for plaintiff. Plaintiff, during the testimony of the current property manager, Joseph Hocke, Jr., attempted to introduce into evidence a subsequent unsigned lease, but the trial judge sustained defendant’s objection to the introduction of that document. However, on | ¿redirect examination (and after the ruling disallowing the introduction of that subsequent lease), plaintiff elicited, without objection from defendant, testimony that the lease provided that the monthly payment would be $450.00 and that the lease was for a period of two years, from February 1, 1993 to January 31, 1995.
Defendant testified at trial that she believed that the letter of July, 1993, stating that the lease was “impled,” referred to the lease which ended in 1991. On direct examination, she testified that there were no ongoing negotiations between herself and plaintiff concerning a lease when she received the letter from Mrs. Haase. She admitted on cross-examination that she had requested that plaintiff give her a reduced rate, that plaintiff through Mrs. Haase agreed to the reduced rent, and that Mrs. Haase stated that she would mail her a new lease agreement. She further testified that she did begin paying the reduced rent. In response to a question from the court, Mrs. Drury admitted that the letter states that Mrs. Haase did send her a new lease, but that she (Mrs. Drury) never received one.
In oral reasons for judgment, the trial judge found that the first lease terminated in January of 1992, and that the lessee stayed on the premises afterward, so that lease became a month-to-month lease, presumably at the rental rate of $500.00 per month. The judge further found that “sometime in 1993” there was some discussion between the parties as to another lease 1 7and a reduced rental at which time the rent was reduced to $450.00. The court also found that the parties did not enter into a new lease, with a particular term, at that time although the parties did accept the term providing for a reduced rent. Since the “new” lease was never signed, the term provided was month-to-month, or at best, a two year term which had expired prior to the notice of eviction sent by plaintiff. We can see no error in this determination.
Defendant suggests that the July 1993 letter, with its language that her action in taking advantage of the reduced rental implied a lease, with the same terms as the previous lease, created a provision that would allow her to renew the lease for an additional three year term at the end of each three year period by the payment of the next months rental. However, this is not supported by either the original lease agreement as that contract specifically states that the lease could only be extended or renewed by written agreement. Furthermore, the option or right to renew a lease is never presumed. Governor Claiborne Apartments, Inc. v. At *86 taldo, 256 La. 218, 235 So.2d 574 (1970); Misse v. Dronet, 493 So.2d 271 (La.App. 3 Cir.1986). There is nothing in the record to support a conclusion that the parties agreed to modify this provision to allow defendant to extend or renew the lease at the end of each three year period by the simple action of paying the next months rent.
I ^CONCLUSION
For the above discussed reasons, we find no manifest error in the findings of the trial court that:
(1) At the time of the notice to evict the premises sent by plaintiff, the defendant was occupying the premises on a month-to-month basis, and
(2) In ordering the defendant to vacate the premises.
Accordingly, the decision of the trial court is affirmed. All costs of this appeal are assessed to defendant/appellant, Diane S. Drury d/b/a Plant Specialist of Metairie.
AFFIRMED.

. The parties admitted that there was a lease agreement prior to the one at issue, which subsequently expired and was replaced by the one cited herein, and which is not relevant to this appeal.

. The Louisiana Supreme Court has said that "The civil law has expressly recognized that occupancy of premises by a lessee after the expiration of a fixed-term lease constitutes reconduction." Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574, 576 (1970). The Court further stated:
Under our Civil Code provision ... legal re-conduction takes place when a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week. The reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of duration in the old lease is voided and the recon-ducted lease is considered to be by the month. La.Civ.Code Arts. 2689, 2685, 2686.
Id. 235 So.2d at page 576.
The effect of such a reconduction is not to constitute a new lease each month or even to renew the old one, but rather to continue the original lease. Becker & Assoc., Inc. v. Lou-Ark Equip. Rent. Co., Inc., 331 So.2d 474 (La. 1976); Misse v. Dronet, 493 So.2d 271 (La.App. 3 Cir. 1986).
In this case, we cannot find that the original lease remained in effect by reconduction. In Misse v. Dronet, supra., the court noted that a change in the terms of the lease creates a new lease:
*85 Although a presumption exists that a lease is reconducted on a month to month basis if the lessee remains in possession beyond the term of the lease, the jurisprudence has unequivocally held that the presumption of reconduction is inoperative in the face of the clear intention of the parties to the contrary. The presumption is not to be used to force a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or a presumption, as to their intention when a contrary intent has not been expressed. Consequently, any intention not to renew the lease on the same terms defeats reconduction. When by agreement the price is changed, a new price and a new consent are created. The only essential feature remaining the same is the occupancy of the thing.
-C.C. Art. 2670. (Citation omitted)
At page 274. [Emphasis supplied].