GAUDIN, Judge.
Appellant in this eviction proceeding is the lessor, Willard E. Robertson Corporation, contending that the trial judge erred in (1) finding that the lessee, Benson Continental Motors, Inc. had validly exercised its option to renew the lease and (2) in finding that after expiration of the lease, Benson’s paying rental at the rate designated in the lease rather than at the figure specified for the renewal period was of no significance. We affirm.
The lease contains this paragraph, numbered paragraph 12:
“It is hereby mutually understood and agreed by and between the parties hereto that, on expiration of this lease, to-wit: September 30, 1983, the lessee is hereby granted the option to renew said lease for a period of not less than five years, on the same terms and conditions herein contained except that the rent for the renewal term will be $8,500.00 per month.”
The monthly rental during the primary term of the agreement was $7,600.00.
By letter dated April 28, 1983, Benson’s counsel advised Robertson that:
“... in accordance with Paragraph 12 of the subject lease, we hereby, on behalf of our client, Benson Continental Motors, Inc., exercise the option to renew said lease for a period of five years. Said renewal period shall begin immediately on expiration of the existing lease, September 30, 1983.”
The parties stipulated that this letter was in fact received by Robertson shortly after April 28, 1983.
On appeal, Robertson argues that the proper execution of the option to renew could only take place on September 30, 1983. Any prior notification, as was the case here, was ineffective.
The district court rejected this argument. While paragraph 12 does not specify how and when the option to renew should be exercised, the trial court correctly found that the April 28, 1983 letter did legally advise Robertson that Benson was exercising its option.
The following language is from Ottermann v. Ganus, 444 So.2d 726 (La.App. 5th Cir.1984):
“Usually it is held that where the lease is silent as to the means of communicating the notice of election to the lessor, or where it merely provides that written notice shall be given, such notice may properly be transmitted by mail ...”
Here, the trial judge, in his assigned “Reasons for Judgment,” said that “... since the lease itself does not state a specific time or method of notification, the Court finds that Benson gave proper and timely notice ...”
We are unaware of any jurisprudence supporting Robertson’s position. Appellant cites Southern Ventures Corporation v. Texaco, Inc. 372 So.2d 1228 (La.1979), and Giraud v. Clark, 354 So.2d 752 (La.App. 4th Cir.1978), but in both of these *9 cases notice of renewal to the lessor was not received until past due date.
To interpret the contract as Robertson suggests would penalize Benson for his early renewal. While a contract is the law between the parties and should be judicially enforced, the trial judge did not construe the contract in appellant’s favor and we cannot say this was erroneous.
After September 30,1983, Benson continued for two months paying $7,600.00 a month instead of $8,500.00, the increased monthly rental after September 30, 1983 if the contract was renewed. Benson does not contend that its two $7,600.00 payments subsequent to September 30, 1983 were for the right amount. Instead, Benson relies on paragraph 17 of the contract, which reads:
“In the event of such default by the Lessee, and at any time hereafter, the Lessor may serve a written notice upon the Lessee that the Lessor elects to terminate this Lease upon a specified date not less than thirty (30) days after the date of serving such notice, and this Lease shall then expire on the date so specified as if that date had been originally fixed as the expiration date of the term granted unless such default shall have been cured within the applicable period provided in said notice. No default or failure to perform by the Lessee shall be deemed waived unless waived by instrument in writing signed by the Lessor except that a default or failure to perform hereof shall be deemed waived if such default or failure is fully and completely rectified before the expiration of the period specified in the notice of termination of this Lease served on the Lessee.”
(Underlining provided.)
If Benson’s October and November payments were not for the correct amount, paragraph 17 spells out a course of action for the lessor to follow and provides for a 30-day period for the lessee to cure the problem. The record does not indicate that Benson ever failed to address itself to any alleged default within 30 days. On November 9,1983, Robertson’s attorney, by letter, advised Benson that the lease had been terminated. Benson immediately sent $1,800.00, (an additional $900.00 for October and $900.00 for November, 1983). Thereafter, Benson paid $8,500.00.
Robertson could (and can) cancel this contract only if (1) it gives written notice of a default and (2) Benson continued the violation for 30 days. See Ford v. Independent Bakers Supply, Inc., 385 So.2d 580 (La.App. 4th Cir.1980), and Exxon Corp. v. Robichaux, 393 So.2d 224 (La.App. 1st Cir.1981).
For these reasons, we affirm the judgment denying Robertson’s motion to evict Benson, with appellant to bear all costs.
AFFIRMED.