GUIDRY, Judge.
Plaintiff, Charles A. Bonneau, Jr., filed this suit seeking specific performance of an option to purchase property located in Alexandria, Louisiana. Defendants, D. Frank Blalock, Jr. and Lurlyne McGehee Blalock, filed answer generally denying the allegations of plaintiff’s petition. Defendants *563 sought judgment by reconventional demand ordering plaintiff’s eviction and damages for trespass. Plaintiff filed a motion for summary judgment. The trial court granted plaintiffs motion ordering defendants to sell the property in question as per the terms and conditions of the option to purchase which is dated September 18, 1959.[1] Defendants suspensively appealed.
FACTS
The facts material to a decision are undisputed.
On September 18, 1959, defendants, D. Frank and Lurlyne M. Blalock leased property owned by them in Alexandria, Louisiana, to American Oil Company for the purpose of constructing and operating a gasoline service station. The property is located at Lee Street and MacArthur Drive. The initial term of the lease was 10 years with three options to renew for five years each. The last renewal term expired on March 31, 1985. On October 19, 1981, American Oil Company assigned all of its rights, title and interest in the lease to plaintiff who continued the rental payments to the lessors-defendants. Paragraph 5 of the lease grants to lessee the option to purchase the demised premises together with all improvements thereon, at the end of the third renewal term, on terms and conditions therein set forth.
Plaintiffs attorney, by a certified letter dated December 17, 1984 delivery of which was accepted by defendants’ neighbor on December 18,1984, notified the defendants on behalf of plaintiff of the latter’s intention to exercise the option to purchase the property and requested that a date be set for closing the act of sale. After receiving no response to his letter of December 17th, plaintiff’s attorney sent another letter dated January 3,1985, together with an enclosure of the December 17, 1984 letter by certified mail (return receipt requested, restricted delivery — addressee only) to the defendants. This letter was returned to plaintiff’s attorney marked “refused”. Plaintiff’s attorney then hand delivered the January 3, 1985 letter to defendants on January 15,1985. Again upon receiving no response, plaintiff’s attorney sent another certified letter dated March 11, 1985, setting a date for the closure of sale for 1:30 p.m. on April 1, 1985, at the office of Central State Life Insurance Company. This letter was also returned “refused” and the March 11, 1985 letter was remailed on March 15, 1985, by regular mail. While Blalock, in his deposition, denied some of the attempts made by plaintiff to exercise the option, he did admit that defendants were notified in writing of plaintiff’s intention to exercise the option to purchase the premises prior to the expiration of the lease agreement on March 31, 1985 by the hand-delivered letter dated January 3, 1985.
Defendants failed to attend the scheduled meeting on April 1, 1985 because of a death in their family. A subsequent meeting was scheduled for April 19, 1985 in order that plaintiff might tender the purchase price. All parties were present at this meeting but were unable to reach an agreement on the sale. Plaintiff then instituted this suit. As aforestated, the trial court granted summary judgment in favor of plaintiff.
Defendants have appealed urging that the trial court erred in determining that there are no material issues of fact present which preclude summary judgment. In the alternative, appellants contend that the trial court erred in granting plaintiff’s motion for summary judgment as a matter of law.
IS THERE A MATERIAL ISSUE OF FACT?
Appellants contend that the option to purchase agreement, which appears in paragraph 5 of the original lease agreement, as amended by paragraph 21 of the lease rider, is ambiguous. Thus, they argue that material issues of fact are present because evidence regarding the intention of the parties is necessary to aid in the interpretation of these provisions. Additionally, *564 appellants urge that a material issue of fact exists regarding whether or not they had proper notification of plaintiff’s intent to exercise the option to purchase the property in question. The trial court found no merit in either contention. We agree.
Summary judgment is not to be used as a substitute for a trial on the merits. However, summary judgment is appropriate if the pleadings, affidavits, depositions, etc. demonstrate there is no material issue of fact and mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
Paragraph 5 of the original lease agreement reads as follows:
“5. (a) LESSOR, in consideration of this lease, hereby grants to LESSEE the option to purchase the demised premises, together with all buildings, improvements and equipment of LESSOR thereon (including any and all buildings and improvements' hereafter to be erected upon the demised premises) at any time during the original term of this lease, for the sum of Fifty Thousand and 00/100 -Dollars ($50,000.00), and at any time during any renewal term or extension of this lease for the sum of Fifty Thousand and 00/100 . Dollars ($50,000.00) in fee simple. In the event any part of the demised premises shall be condemned or otherwise acquired by governmental authority, or through the exercise of the right of eminent domain, and any award to or settlement is made with LESSOR therefor, then the purchase price under this purchase option shall be reduced by a sum equivalent to the amount of such award or settlement.
(b) If LESSOR, at any time after the execution of this lease and prior to the expiration of the original term and any renewal or extension thereof, receives a bona fide offer or proposal to purchase the demised premises, which offer or proposal LESSOR desires to accept, or should LESSOR during any such time make any offer or proposal to sell the demised premises, LESSOR agrees to give LESSEE forty five (45) days’ notice in writing of any such offer or proposal, setting forth the name and address of the proposed purchaser, the amount of the proposed purchase price, and the terms of payment thereof. LESSEE shall have the first option to purchase the demised premises within such forty five (45) day period at the same price and on the same terms of any such offer or proposal. In the event LESSEE does not exercise its option to purchase the demised premises within the said period and regardless of whether or not the premises are sold pursuant to the bona fide offer or proposal set forth in the notice, it is understood and agreed that LESSEE shall have, upon the same conditions of notice, the continuing first option to purchase the premises upon the terms of any subsequent bona fide offer or proposal for the sale of said premises. Should LESSOR, in the absence of the exercise by LESSEE of its option to purchase hereunder, consummate a sale pursuant to any such bona fide offer or proposal, such sale shall not, however, in any manner affect the right, title, interest and estate of LESSEE under this lease or any options therein contained but such sale and conveyance of said property shall in all respects be subject to the estate, term of years, renewal and purchase options of the LESSEE under this lease; it being further agreed that the right of first refusal with respect to any purchase of the demised premises so granted to LESSEE under the terms of this paragraph shall be binding upon all succeeding vendees or successors in title, during the term of this lease and any renewal thereof.
In the event LESSEE shall exercise its purchase option under either (a) or (b) above, it shall do so by written notice to LESSOR; and in the event LESSEE shall exercise either of said purchase options, LESSOR covenants and agrees, upon payment of the purchase price, to convey the said property to LESSEE, its successors and assigns, by a recordable instrument having good and marketable title in fee simple, with covenants of warranty and further assurances, as LESSEE shall *565 require, free of all claims, liens, easements, restrictions and encumbrances; settlement of the purchase price, and conveyance of the property to LESSEE, shall be made within sixty (60) days from the date of the sending of such notice exercising said option; but actual tender of the purchase price by the purchaser or tender of deed by the seller shall not be necessary, and neither party shall be deemed to be in default until after written demand for performance shall have been made by the other party; it being further agreed that LESSEE may reject the title to said property in the event said title shall be such as will not be guaranteed by a reputable title guarantee company at such company’s regular rates; taxes, water rent and other current expenses, and rent hereunder to be adjusted as of date of settlement.
The purchase options granted herein shall cease and expire at the expiration of twenty-one (21) years from and after the death of the last-dying of the individual or individuals signing this lease as parties-lessor therein; or in the event LESSOR or one of the parties-lessor is a corporation, at the expiration of twenty-one (21) years from and after the death of the last survivor of the individuals signing and attesting this lease as officers of both LESSOR and LESSEE corporations.”
Paragraph 21 of the attached typewritten lease rider, which was initialed by the parties, also provides in pertinent part as follows:
“21. With reference to Paragraph 5(a), LESSEE may purchase the demised premises only at the end of the third renewal term hereof (if renewed).”
Appellants claim of ambiguity in the option provisions is based upon their assertion that the provisions of paragraph 5 and paragraph 21 are inconsistent and irrecon-ciable. Like the trial court, we find no merit in this contention.
The typewritten provisions set forth in paragraph 21 clearly supersede the printed provisions set forth in paragraph 5(a). Therefore, there is no ambiguity present. The option to purchase provided in paragraph 5(a) is, pursuant to paragraph 21, exercisable only at the end of the third renewal term. As stated in Kuhn v. Stan A. Plauche Real Estate Company, 185 So.2d 210 (La.1966):
“Under elementary principles of interpretation of contracts, the written portions prevail over the printed portions when the two are in conflict; ...”
Further, paragraph 21 does not purport to amend the remainder of printed paragraph 5 which sets forth the requisites and agreement of the parties for exercise of the purchase option, and the time for tender of the purchase price and delivery of the deed. Paragraph 21 by its express terms only amends paragraph 5(a).
We find appellants’ contention that a material issue of fact exists concerning the extent of their knowledge of plaintiff’s intent to exercise the option to purchase equally without merit. Although appellants do deny receiving some of the correspondence allegedly sent by plaintiff's attorney, they do admit having received the hand-delivered letter dated January 3, 1985 to which was attached the December 17, 1984 letter. In both letters plaintiff unequivocally indicated his desire and intent to exercise the option to purchase provided for in the lease. Although an issue of fact may exist concerning appellants’ receipt of the other correspondence from plaintiff's attorney, that fact is not material as the one notification which appellants admit receiving suffices.
We therefore find, as did the learned trial judge, that there is no material issue of fact in this case which precludes the rendition of summary judgment.
THE ISSUE OF LAW
Finding that there are no material issues of fact, the sole issue for review is one of law, i.e., whether plaintiff is entitled to specific performance of the option to purchase the leased property.
Appellants argue that plaintiff’s written notice of intent to exercise the option was without effect because the exercise of the *566 option to purchase could have occurred only on the expiration date of the renewal term and that payment had to be tendered on that date in order to exercise the option to purchase. The trial court rejected this argument. We likewise find this contention without merit.
In a dispute arising under a contract, the contract forms the law between the parties. La.C.C. art. 1983; Louisiana National Leasing Corp. v. Family Pools, Inc., 345 So.2d 480 (La.1977).
Paragraph 5 of the lease agreement reads in pertinent part as follows:
“In the event LESSEE shall exercise its purchase option under either (a) or (b) above, it shall do so by written notice to LESSOR; and in the event LESSEE shall exercise either of said purchase options, LESSOR covenants and agrees, upon payment of the purchase price, to convey the said property to LESSEE, its successors and assigns, by a recordable instrument having good and marketable title in fee simple, with covenants of warranty and further assurances, as LESSEE shall require, free of all claims, liens, easements, restrictions and encumbrances; settlement of the purchase price, and conveyance of the property to LESSEE, shall be made within sixty (60) days from the date of the sending of such notice exercising said option; but actual tender of the purchase price by the purchaser or tender of deed by the seller shall not be necessary, and neither party shall be deemed to be in default until after written demand for performance shall have been made by the other party; it being further agreed that LESSEE may reject the title to said property in the event said title shall be such as will not be guaranteed by a reputable title guarantee company at such company’s regular rates; taxes, water rent and other current expenses, and rent hereunder to be adjusted as of date of settlement.”
As we previously indicated, typewritten paragraph 21 does not amend the quoted excerpt from paragraph 5, rather by express terms, it changes only paragraph 5(a) so as to limit the exercise of the option to the end of the third renewal term. Appellants’ contention that it somehow amends the quoted language from paragraph 5 so as to require actual tender of the purchase price on March 31, 1985 is totally without merit.
A careful reading of paragraph 5 of the lease agreement indicates that plaintiff complied with the requirements for exercising the option to purchase. Under the agreement, all plaintiff had to do was give defendants written notice of his intent to exercise the option to purchase at the end of the third renewal term. The record reflects that plaintiff complied with the requirements for exercising his option to purchase under the lease prior to the expiration of the option on March 31, 1985. Defendants admit receiving the hand-delivered letter dated January 3, 1985 on January 15, 1985 notifying them of plaintiff’s intent to exercise the option to purchase.
In Willard E. Robertson v. Benson Continental Motors, Inc., 476 So.2d 7 (La.App. 5th Cir.1985), the court permitted a plaintiff to exercise a renewal option of a lease prior to the expiration of the existing lease. In Robertson, the defendants argued that the exercise could occur only on the expiration date of the lease, despite receiving written notice of plaintiff’s intent to renew prior to the expiration date of the lease. There, the court reasoned that to rule in favor of the defendant would penalize plaintiff for his early renewal. Likewise, there is no other conclusion for us to draw from the facts and circumstances of this case.
As to defendants’ argument that tender of the purchase price was also necessary to fully exercise the option to purchase, a simple review of paragraph 5 reveals that settlement of the purchase price must take place within 60 days from the date of plaintiff’s sending notice exercising the option biit actual tender of the purchase price by the purchaser is not necessary, and neither party shall be deemed to be in default until after written demand for performance shall have been made. Plaintiff attempted to make a tender of the purchase price on April 1, 1985 and again on April 19, 1985.
*567 Appellants did not attend the meeting on April 1, 1985 and refused the tender made on April 19, 1985. These facts are not in dispute. Plaintiff has done all that was required of him by the agreement and, as a matter of law, is entitled to specific performance of the option to purchase the property m question. La.C.C.1986.
For the foregoing reasons, the judgment of the trial court is affirmed. This matter is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.

. The reconventional demand filed by defendants was not considered or disposed of by the trial court and is presumably still viable.